**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION** | **MDL No: 1721** |
| **This Document Relates Only to:** **Ingram, et al. v. Cessna Aircraft Company, et al.,** Case No. 05-2531; **Emmons, et al. v. Cessna Aircraft Company, et al.,** Case No. 05-2532; **Morris, et al. v. Cessna Aircraft Company, et al.,** Case No. 05-2533; and **Villanueva, et al. v. Cessna Aircraft Company, et al.,** Case No. 05-2534 | Case No: 05-md-1721-KHV-DJW |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiffs' Second Motions for Leave to File Amended Complaints (docs. 131-134) filed in the above-cited cases. As advised at the March 30, 2007 status conference, the Court grants the motions.

**I.    Background Information**

This is a multidistrict product liability action brought against various Defendants, including Cessna Aircraft Company ("Cessna"). The action arises out of various crashes of Cessna Caravans, Model 208B. Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation transferred these cases to the District of Kansas on December 12, 2005, for coordinated or consolidated pretrial proceedings.[1]

---

[1] *See* Transfer Order (doc. 1).

Plaintiffs previously filed separate motions seeking leave to amend their complaints to add claims of fraud against Defendant Cessna and claims for punitive damage based on the alleged fraud. Plaintiffs' proposed fraud claims were based on information provided at Cessna's pilot training courses, including a series of "hypothetical numbers" used in charts regarding the decline in aircraft performance after cycling the pneumatic deicing boots more than once.

By Memorandum and Order dated December 22, 2006,[2] the Court denied the motions without prejudice on the grounds Plaintiffs' proposed claims could not withstand a motion to dismiss and therefore amendment would be futile. The Court found that Plaintiffs had failed to plead facts establishing Defendant Cessna's intent to defraud, and Plaintiffs' knowledge of and reliance on Cessna's alleged misrepresentations.

Plaintiffs filed their Second Motions for Leave to File Amended Complaint on January 5, 2007. In their proposed Second Amended Complaints, Plaintiffs again seek to add fraud claims against Cessna. The *Villanueva* and *Ingram* Plaintiffs also seek to add claims for punitive damages. Cessna opposes Plaintiffs' renewed motions to amend on the grounds that Plaintiffs have again failed to allege the requisite elements of fraud, making the proposed amendments futile. It further argues that the *Villanueva* and *Ingram* Plaintiffs have not alleged facts sufficient to support an award of punitive damages.

## II.    Standard for Ruling on a Motion to Amend

---

[2] Doc. 122.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[3] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[4] Leave to amend, however, is to be "freely given when justice so requires,"[5] and the Supreme Court has emphasized that "this mandate is to be heeded."[6] The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[7]

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[8] Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle it to relief.[9] In evaluating a Rule 12(b)(6) motion to dismiss, "all

---

[3]Fed. R. Civ. P. 15(a).

[4]*Id.*

[5]*Id.*

[6]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[8]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) ; *Schepp v,. Fremont County,* 900 F.2d 1448, 1451 (10th Cir. 1990).

[9]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."[10]  The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support the claims alleged.[11]  Although a plaintiff need not state each element of its claim precisely, it must plead minimal factual allegations on those material elements that must be proved.[12]

### III. Analysis

#### A. Proposed Fraud Claims

In response to the Court's prior ruling, Plaintiffs revised their proposed complaints to include the following allegations in support of their proposed fraud claims:

> Cessna expects that pilots, participating in its program dedicated to flight into icing conditions, will in fact rely on information it teaches during its course. (Emmons ¶ 41, Ingram ¶ 35, Villanueva ¶ 35, Morris ¶ 9).
>
> Pilots depend on information provided by a manufacturer for determining how an aircraft will behave and maneuver.  Pilots also depend on information passed through relevant federal agencies and training agencies that receive their information from the manufacturer; pilots rely on this technical information to be factual. (Emmons ¶ 47, Ingram ¶ 41, Villanueva ¶ 41, Morris ¶ 15).
>
> The federal government, through the Federal Aviation Administration, has recently revoked the extent of certification into icing conditions into which the Cessna Caravan 208B can fly, evidencing that the original certification was fraudulent and

---

[10]*Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[11]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

[12]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Rubio v. Turner Unified School Dist. No. 202,* 453 F. Supp. 2d 1295, 1298 (D. Kan. 2006).  *See also* Fed. R. Civ. P. 8(a) (a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

not based on technical, factual data.  (Emmons ¶ 49, Ingram ¶ 43, Villanueva ¶ 43, Morris ¶ 17).

Each complaint also adds specific allegations that the individual plaintiff pilots "relied on information in the Pilots Operating Handbook which demonstrates the extent of icing conditions into which a Cessna Caravan 208B can fly."  Plaintiff pilots "relied on information in his flight training that the Cessna Caravan 208B could fly into icing conditions, the extent to which it was certified to fly."  (Emmons ¶ 59, Ingram ¶ 44, Villanueva ¶ 44, Morris ¶ 18).

**B.     Discussion**

Cessna argues that allowing Plaintiffs leave to amend to add the fraud claims would be futile because Plaintiffs' second amended complaints fail to allege sufficient intent by Cessna or sufficient reliance by Plaintiffs.  Cessna contends that Plaintiffs have not alleged that it intended or even expected that the pilot's use of Cessna's Training Administrator's hypothetical numbers would induce them to fly in icing conditions.  It further contends that Plaintiffs fail to plead their decedents' reliance on the Training Administrator's hypothetical numbers.  It points out that they have not alleged that the decedents attended a Cessna Safety Awareness Seminar, saw any of the Training Administrator's written materials, or relied in any way on his hypothetical performance numbers.  Moreover, it argues that Plaintiffs fail to allege that the decedents relied on the hypothetical performance numbers during the accident flights.  Nor have they alleged that the decedents learned of the hypothetical performance numbers indirectly from any other source.

Plaintiffs argue that they have pled sufficient facts to be permitted to amend their complaints.  They maintain their proposed Second Amended Complaints include sufficient allegations that, if proven, would support a recovery of damages for fraud and, where applicable, for punitive damages.

As noted above, a plaintiff's complaint need not allege each element of its claim precisely.[13] It must, however, plead minimal factual allegations on those material elements that must be proved.[14] Thus, the Court must determine whether Plaintiffs have pled sufficient facts alleging intent to defraud by Cessna and their reliance on the alleged fraud.

The Court's prior Memorandum and Order set out the elements of a fraud claim under the respective state laws of Idaho (*Ingram*), Illinois (*Emmons*), Texas (*Morris*), and Utah (*Villanueva*). The Court held that under any of these state's common law, to establish fraud, the plaintiff must prove that (1) the defendant intended to deceive or induce the other party to act upon the misrepresentation, and (2) the other party relied on the misrepresentation. Thus, to withstand a motion to dismiss, Plaintiffs must plead factual allegations relating to these material elements.[15]

The Court has reviewed the proposed Second Amended Complaints of Plaintiffs. Based on that review, the Court finds that Plaintiffs have sufficiently alleged the elements of the claims of fraud, including sufficient allegations as to intent to defraud by Cessna and reliance on the alleged fraud.

In addition to their fraud claims against Cessna, the *Ingram* and *Villanueva* Plaintiffs also seek to add claims for punitive damages. Both Utah and Idaho law permit the recovery of punitive damages for fraud claims.[16] In the prayer section of their proposed Second Amended Complaints, the *Ingram* and *Villanueva* Plaintiffs assert that "[t]he fraudulent, deliberate and willful conduct of

---

[13]*Hall*, 935 F.2d at 1110; *Rubio*, 453 F. Supp. 2d at 1298.

[14]*Hall*, 935 F.2d at 1110; *Rubio*, 453 F. Supp. 2d at 1298.

[15]*See Hall*, 935 F.2d at 1110; *Rubio*, 453 F. Supp. 2d at 1298.

[16]*See* Utah Code Ann. § 78-18-1(1)(a); Idaho Code Ann. § 6-1604.

the defendant Cessna . . . constituted a willful, wanton and total disregard for the life and safety of Cessna Caravan 208 series aircraft pilots, including plaintiff's decedent . . . , which justifies the award of punitive damages to the plaintiff and decendant's estate."  (Ingram ¶ 55, Villanueva ¶ 54). Based on these allegations, the Court finds that the *Villanueva* and *Ingram* Plaintiffs have made sufficient allegations to plead a claim for punitive damages.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motions for Leave to File Amended Complaints (docs. 131-134) are granted.  Pursuant to D. Kan. Rule 15.1, Plaintiffs shall file their Second Amended Complaints **within ten (10) days of the date of this Order**.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of April 2007.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel