## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: CESSNA 208 SERIES AIRCRAFT
PRODUCTS LIABILITY LITIGATION

                                                    MDL No: 1721

This Document Relates Only to:

Ingram, et al. v. Cessna Aircraft Company, et al.,          Case No: 05-md-1721-KHV-DJW
Case No. 05-2531;
Emmons, et al. v. Cessna Aircraft Company, et al.,
Case No. 05-2532;
Morris, et al. v. Cessna Aircraft Company, et al.,
Case No. 05-2533;and
Villanueva, et al. v. Cessna Aircraft Company, et al.,
Case No. 05-2534

_____

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cessna Aircraft Company's Motion to

Reconsider the April 3, 2007 Order Granting Plaintiffs Ingram and Villanueva's Motions to Amend

to Add Claims for Punitive Damages (doc. 198).  As discussed below, the motion is granted.

**I.      Procedural background**

This is a multidistrict product liability action brought against various defendants, including

Cessna Aircraft Company ("Cessna"), arising out of crashes of Cessna Caravans, Model 208B.

Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation transferred these cases

to the District of Kansas on December 12, 2005, for coordinated or consolidated pretrial

proceedings.[1]

_____

[1]*See* Transfer Order (doc. 1).

The Ingram, Emmons, Morris, and Villanueva Plaintiffs previously sought leave to amend their respective complaints to add claims of fraud against Cessna. Plaintiffs' proposed fraud claims were based on information provided at Cessna's pilot training courses, including a series of "hypothetical numbers" used in charts regarding the decline in aircraft performance after cycling the pneumatic deicing boots more than once.

By Memorandum and Order dated December 22, 2006,[2] the Court denied the motions without prejudice on the grounds that Plaintiffs' proposed claims could not withstand a motion to dismiss, and therefore amendment would be futile. The Court, applying the substantive law of each of the transferor courts for fraud claims, found that Plaintiffs had failed to plead facts establishing Cessna's intent to defraud and Plaintiffs' knowledge of and reliance on Cessna's alleged misrepresentations.

Plaintiffs subsequently filed second motions for leave to file amended complaints, in which they again sought to add claims of fraud against Defendant Cessna. The Ingram and Villanueva Plaintiffs also sought to amend their complaints to include claims for punitive damages based on the alleged fraud. The Court held a status conference on March 30, 2007, at which it advised the parties that Plaintiffs' motions would be granted. The Court thereafter issued its Memorandum and Order dated April 3, 2007 granting the motions.[3] With regard to the claims for punitive damages, the Court, applying Fed. R. Civ. P. 15 and noting that both Utah and Idaho law permit the recovery of punitive damages for fraud claims, found that the Ingram and Villanueva Plaintiffs had made sufficient allegations to plead a claim for punitive damages.

---

[2]Doc. 122.

[3]Doc. 183.

On April 17, 2007, Cessna filed its motion asking the Court to reconsider the portion of its April 3, 2007 Order that granted the Ingram and Villanueva Plaintiffs leave to add claims for punitive damages.[4]  Cessna contends that the Court applied the incorrect legal standard in its April 3, 2007 Order, and reconsideration is appropriate to prevent error and manifest injustice.  Cessna argues that the Court should have considered and applied the Idaho statute, Idaho Code § 6-1604, when it considered the Ingram and Villanueva Plaintiffs' motions to add claims for punitive damages to their complaints.

## II.     Standard for ruling on a motion for reconsideration

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[5] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.  Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders  must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[6]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and

---

[4]D. Kan. 7.3 (b) requires that motions to reconsider non-dispositive orders be filed within ten days after the filing of the order.  The ten-day deadline is computed under Fed. R. Civ. P. 6(a), which provides that intermediate Saturdays, Sundays, and legal holidays are excluded from the computation when the period of time is less than eleven days.  Computing the deadline excluding intermediate Saturdays and Sunday, as provided by Rule 6(a), Cessna's motion to reconsider is timely.

[5]*Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[6]*Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

3

is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[7] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[8]

### III.   The parties' arguments

Cessna urges the Court to reconsider its April 2, 2007 Memorandum and Order on the grounds that it appears the Court did not fully consider Idaho law when it granted the Ingram and Villanueva Plaintiffs' motions to amend.  Specifically, it argues that the Court did not fully consider Idaho law by its reliance on Federal Rule of Civil Procedure 15, its failure to conduct a hearing, and the absence of any discussion of Idaho Code § 6-1604 in its Memorandum and Order.  Cessna urges the Court to reconsider its decision and apply Idaho Code § 6-1604 to the Ingram and Villanueva Plaintiffs' requests to amend to add claims for punitive damages.  Application of this heightened pleading standard for punitive damages would require the Court to deny the Ingram and Villanueva Plaintiffs' motions for leave to add claims for punitive damages.

The Ingram and Villanueva Plaintiffs argue that Cessna is merely rearguing the same arguments it previously asserted in its opposition to their motions to amend.  They further argue that Cessna misstates the required threshold showing that they must make in order to plead punitive

---

[7]*Doerge v. Crum's Enters., Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan.1989)).

[8]*Classic Communc'ns, Inc. v. Rural Tel. Svc., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

damages under Idaho Code § 6-1604.  They assert they have alleged sufficient specificity in their facts to permit them to plead claims for punitive damages.

## IV.     Idaho statutory limitation on punitive damages:  Idaho Code § 6-1604

Idaho's statutory limitation on punitive damages, Idaho Code § 6-1604, contains three subsections.  The first subsection establishes a standard of proof for recovering punitive damages at trial:

> (1) In any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.[9]

The second subsection prescribes the procedure and standard for pleading punitive damages.

> (2) In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.  A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.[10]

The third subsection caps punitive damage awards at the greater of $250,000 or three times the amount of compensatory damages.[11]

Under the second subsection of Idaho Code § 6-1604, a party is prohibited from including a prayer for relief seeking punitive damages in the original complaint.  Instead, a party may seek

---

[9]Idaho Code § 6-1604(1) (2007).

[10]Idaho Code § 6-1604(2).

[11]Idaho Code § 6-1604(3).

leave to amend the pleadings to include prayer for relief seeking punitive damages "pursuant to a pretrial motion and after hearing before the court."[12]  In such a hearing, the court must weigh the evidence presented and decide whether the moving party has established "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."[13]  "The court shall allow the motion to amend the pleadings if, *after weighing the evidence presented*, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."[14]

Defendant Cessna contends that the Court erred by not holding a hearing on the issue of punitive damages before granting leave to amend to add punitive damages and by not making an express determination that Plaintiffs had established "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages," as required by Idaho Code § 6-1604.  In response, the Ingram and Villanueva Plaintiffs assert that Cessna misstates the burden of proof required at the pleading stage for punitive damage claims.  They argue that the Court appropriately focused on the facts pled by them in support of their claims for fraud as a basis for pleading and proving punitive damages.  They further assert that, even under the heightened pleading standard set forth in Idaho Code § 6-1604, they have made sufficient allegations to plead punitive damages.

## V.      Whether this Court should have applied Idaho Code § 6-1604 in making its prior ruling on the Ingram Plaintiffs' motions to amend

Cessna is correct that the Court did not apply the heightened pleading requirements contained in Idaho Code § 6-1604(2) in making its ruling on the Ingram and Villanueva Plaintiffs'

---

[12]Idaho Code § 6-1604(2).

[13]*Id.*

[14]*Id.* (emphasis added).

motions to amend to add punitive damages.  Before determining whether the Court erred in this regard, the Court first addresses the threshold issue of whether, in the context of a diversity action transferred pursuant to 28 U.S.C. § 1407, this Court should have applied Idaho Code § 6-1604(2) when the statute contains provisions that seemingly conflict with Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings.

In *Van Dusen v. Barrack,*[15] the United States Supreme Court held that, in cases transferred for change of venue pursuant to 28 U.S.C. § 1404, the law of the transferor forum should be applied to the transferred case.[16]  It explained that "where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of  courtrooms."[17]  In a footnote to this ruling, the Court added the caveat that "[o]f course the transferee District Court may apply its own rules governing the conduct and dispatch of cases in its court. We are only concerned here with those state laws of the transferor State which would significantly affect the outcome of the case."[18]

Subsequent district court decisions have applied *Van Dusen* to cases transferred pursuant to the multidistrict litigation transfer statute, 28 U.S.C. § 1407.[19]   The rule has been articulated as

---

[15]376 U.S. 612, 639 (1964).

[16]*In re Taxable Mun. Bond Sec. Litig.*, 796 F. Supp. 954, 962 (E.D. La. 1992).

[17]*Van Dusen,* 376 U.S. at 639.

[18]*Id.* at 639 n.40.

[19]*See In re Norplant Contraceptive Prods. Liab. Litig.,* 215 F. Supp. 2d 795, 804 (E.D. Tex. 2002) (applying substantive law of the transferor courts and treating each case transferred pursuant to 28 U.S.C. § 1407 as if it were pending in the district from which it was transferred); *In re Dow Co. Sarabond Prods. Liab. Litig.*, 666 F. Supp. 1466, 1468 (D. Colo. 1987) (applying law of

follows: "[W]here the central question is a substantive question of state law, 'a United States District Court to which an action is transferred pursuant to 28 U.S.C.A. § 1407 must apply the substantive law of the transferor state and circuit.'"[20]   Under this rule, this Court, as the transferee court, must apply the substantive law of the state in which the transferor court sits.  The Ingram case is a diversity case originally filed in the District of Idaho and transferred to this Court for coordinated pretrial proceedings under 28 U.S.C. § 1407; therefore, this Court applies the substantive law of the transferor court, which is Idaho.  The Villanueva case arises out of the same aircraft crash as the Ingram case, but was originally filed as a diversity action in the District of Utah.  Cessna asserts that under Utah's choice of law rules the Court should find that Idaho law, including Idaho Code § 6-1604, should also be applied to the Villanueva case.

Briefly setting aside the issue of whether the Court should apply Idaho law to both the Ingram and Villanueva cases, the Court next addresses whether the transferor court, the District of Idaho, has addressed whether the statutory pleading restrictions of Idaho Code § 6-1604(2) are substantive in nature, and, therefore, controlling in federal court in a diversity case.

After the first version of Idaho Code § 6-1604 was enacted in 1987, the District of Idaho addressed the interplay between the statute and the pleading rules under the Federal Rules of Civil

---

transferor fora in section 1407 transfer);  *In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972) (applying substantive law of transferor forum after section 1407 transfer); *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 309 F. Supp. 1053, 1055 (E.D. Pa. 1969) (agreeing that  the applicable law to be applied in section 1407 transfers is the law of the transferor district).  *See also* Manual for Complex Litigation, Fourth § 20.132 at 222 (2004) ("In diversity cases, the law of the transferor district follows the case to the transferee district.").

[20]*In re Western States Wholesale Natural Gas Antitrust Litig.*, No. MDL 1566, 2006 WL 2246386, at *2 (D. Nev. Aug. 4, 2006) (citing *In re Air Crash Disaster at Boston, Mass. on July 31, 1973*, 399 F. Supp. 1106, 1108 (D. Mass. 1975)).

Procedure.[21]  In *Windsor v. Guarantee Trust Life Insurance Co.*,[22] the court, analyzing Idaho Code § 6-1604 in conjunction with the jurisdictional amount in controversy requirement, held that the statute was substantive in nature and therefore controlling in federal court in a diversity case.[23]  The court also found that the statute did not directly conflict with the federal rule governing the jurisdictional amount in controversy requirement, and imposed on plaintiff an additional burden of proof which directly affected the outcome of the case.[24]

The *Windsor* holding that Idaho Code § 6-1604 is substantive and controlling in a federal diversity case was subsequently applied in the context of a motion to amend the complaint in *Doe v. Cutter Biological.*[25]  In *Doe,* the plaintiff sought leave to amend his complaint to add a claim for punitive damages based on Rule 15(a) of the Federal Rules of Civil Procedure.[26]  The court noted that punitive damages are not favored under Idaho law, should be awarded only in the most unusual and compelling circumstances, and are to be awarded cautiously and within narrow limits.[27] In resolving the plaintiff's motion to amend, the court, while commenting that tension existed between the principles of Rule 15(a) that leave be "freely given" and Idaho statutory and case law disfavoring

---

[21]*Windsor v. Guar. Trust Life Ins. Co.*, 684 F. Supp. 630, 633 (D. Idaho 1988).

[22]*Id.*

[23]*Id.*

[24]*Id.*

[25]844 F. Supp. 602, 609-610 (D. Idaho 1994).

[26]*Id.* at 609-610.

[27]*Id.* (citing *Manning v. Twin Falls Clinic & Hosp.*, 830 P.2d 1185, 1190 (Idaho 1992)).

9

punitive damages, applied the requirements of Idaho Code § 6-1604(2).[28]  Applying the statute's pleading requirements for punitive damages, the court found that the plaintiff had established a reasonable likelihood of proving facts sufficient to support an award of punitive damages.  It further advised the parties that it viewed "the threshold for *amending* a complaint to add a claim for punitive damages to be significantly lower than the threshold for *allowing* a punitive damages claim to ultimately reach a jury."[29]

Subsequent Idaho district court opinions have followed *Windsor* and *Doe* and applied Idaho Code § 6-1604 when ruling on motions to amend the complaint to add claims for punitive damages.[30] In *Strong v. Unumprovident Corp.*,[31] the court required the plaintiff to show a "reasonable likelihood that he could prove by a preponderance of the evidence that the 'defendant[s] acted in a manner that was an extreme deviation from reasonable standards of conduct, that the act was performed with an understanding of or disregard for its likely consequences, and that the defendant[s] acted with an extremely harmful state of mind.'"[32] In *Prado v. Potlatch Corp.*,[33] the court, noting that Fed. R. Civ.

---

[28]*Id.* at 610.

[29]*Id.* (emphasis in original).

[30]*Strong v. Unumprovident Corp.*, 393 F. Supp. 2d 1012, 1025 (D. Idaho 2005); *Devries v. Delaval, Inc.*, Civ. A. No. 04-136-S-EJL, 2006 WL 2325176, at *3-4 (D. Idaho Aug. 9, 2006); *Deshazo v. Estate of Clayton*, Civ. A. No. 05-202-S-ELJ, 2006 WL 1794335, at *10-11 (D. Idaho June 28, 2006); *DBSI Signature Place, LLC v. BL Greensboro, L.P.*, Civ. A. No. 05-051-SLMB, 2006 WL 1275394, *17 (D. Idaho May 9, 2006);  *Prado v. Potlatch Corp.*, Civ. A. No. 05-256-C-LMB, 2006 WL 1207612, at *3-4 (D. Idaho May 1, 2006).

[31]393 F. Supp. 2d at 1025.

[32]*Id.* at 1025 (citing *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1187 (9th Cir. 2004) and *Vendelin v. Costco Wholesale Corp.*, 95 P.3d 34, 41-42 (Idaho 2004)).

[33]2006 WL 1207612, at *3-6.

P. 15(a) encourages the liberal granting of motions to amend, applied the "strict conditions precedent" referenced in Idaho Code § 6-1604 and the case law disfavoring punitive damages in deciding whether to allow the plaintiff to amend his complaint to assert a claim for punitive damages.  The court, after weighing the evidence presented, concluded that the plaintiff had established a reasonable likelihood of proving, by clear and convincing evidence, that the defendant's conduct was oppressive, fraudulent, malicious, or outrageous.[34]

In light of the transferor court decisions, which apply Idaho Code § 6-1604(2) to diversity cases as substantive law when ruling on motions to amend to add punitive damage claims, this Court should have applied Idaho Code § 6-1604(2) when it ruled on the Ingram Plaintiffs' motion to amend to add punitive damages.

## VII.   Whether the Ingram Plaintiffs have established the criteria for pleading punitive damages under Idaho Code § 6-1604

Although the Court erred in applying only Fed. R. Civ. P. 15(a) and not considering the pleading restrictions on punitive damages set forth in Idaho Code § 6-1604(2), the Court next considers whether the Ingram Plaintiffs nonetheless established "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  The Ingram Plaintiffs argue that the District of Idaho, in *Doe v. Cutter Biological,*[35] has recognized that the threshold for amending a complaint is different from the burden of allowing punitive damages to ultimately reach the jury. They point out that although subsection 1 of Idaho Code § 6-1604 requires a plaintiff to prove damages before recovery is allowed, subsection 2 only requires a plaintiff to establish a "reasonable

---

[34]*Id.* at *4

[35]844 F. Supp. at 610.

likelihood of proving facts at trial" before allowing plaintiff to add a prayer for relief seeking punitive damages. They contend they have alleged sufficient specificity in their facts to support their claims for punitive damages.

Idaho Code § 6-1604(2) requires that amendments to the pleading be made "pursuant to a pretrial motion and *after hearing* before the court."[36]  Although the Court held a status conference on March 30, 2007, at which it advised the parties that the motions to amend would be granted, the issue of the Idaho statutory punitive damages limitation was not raised at that conference. The Court thus never held a formal hearing or heard oral argument on Plaintiffs' motions to amend.  However, the provision in the Idaho statute for a "hearing" has been interpreted as referring to oral argument on a motion to amend, which may be omitted if the decisional process is not significantly aided by a hearing.[37] As oral argument may be omitted if it does not significantly aid the decisional process, the Court will focus its inquiry on whether the Ingram Plaintiffs have established their burden sufficient to support an award of punitive damages in the briefing to the motions to amend and record.

Idaho Code § 6-1604(2) contemplates that the court weigh the evidence presented in making its determination on a motion to amend the pleadings to add punitive damages.  "The court shall allow the motion to amend the pleadings if, *after weighing the evidence presented*, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving

---

[36]Idaho Code § 6-1604(2) (emphasis added).

[37]*See Strong,* 393 F. Supp. 2d at 1025 n. 5 (concluding that the decisional process on a motion to amend to add punitive damages would not be significantly aided by a hearing because the facts and legal arguments were adequately presented in the briefing and record ); *Doe,* 844 F. Supp. at 610 (granting motion to amend complaint to allow claim of punitive damages after reviewing record evidence and hearing oral argument).

facts at trial sufficient to support an award of punitive damages."[38]

Upon review of the evidence submitted with the briefing and in the record, the Court finds that the Ingram Plaintiffs have not presented sufficient evidence to establish "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  While the Ingram Plaintiffs attached an excerpt from the deposition of a training administrator and some online postings to the Caravan Pilots website to their motion to amend,[39] they have not presented any other evidence from which the Court could conclude that they have established "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages" as required by Idaho Code § 6-1604(2).  Accordingly, the Court grants Cessna's motion for reconsideration of its April 3, 2007 Memorandum and Order and vacates the portion of its prior ruling that permitted the Ingram Plaintiffs to add a claim for punitive damages.

## VIII.   Whether the Court should apply Idaho law to the Villanueva case

Cessna also urges the Court to reconsider its ruling and apply the Idaho statutory limitation on punitive damages to the Villanueva case even though it was transferred to this Court from the District of Utah.  Defendant Cessna argues that Idaho law should also apply to Villanueva because it arises from the same aircraft crash as the Ingram case and because the accident and injuries occurred in Idaho.

A transferee court presiding over diversity actions consolidated as multidistrict litigation must apply the choice of law rules of the various jurisdictions in which the transferred actions were

---

[38]Idaho Code § 6-1604(2) (emphasis added).

[39]*See* Exs. to doc. 132.

13

originally filed.[40]   Because Villauneva was originally filed in Utah, this Court must apply the choice of law rules for Utah.[41]

Utah utilizes the "most significant relationship" analysis as described in the Restatement (Second) Conflict of Laws § 145(1) to determine which state's substantive law applies to a tort action.[42]   Under this type of approach, the court determines which state has the most significant relationship to the action.[43]   Several factors are used by Utah courts to determine which law applies, including: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.[44]   These contacts are to be evaluated according to their relative importance with respect to the particular issue.[45]   In cases involving injury to tangible property, the law of the state where the injury occurred usually governs the cause of action, unless "some other state has a more significant relationship .

---

[40]*In re Air Crash Disaster Near Chicago, Ill.*, 644 F.2d 594, 610 (7th Cir.), cert. denied *sub nom.*, 454 U.S. 878 (1981);  *In re Air Disaster at Ramstein Air Base, Germany on 8/29/90*, 81 F.3d 570, 576 (5th Cir. 1996) (citing *Van Dusen*, 376 U.S. at 639); *In re Air Crash Disaster At Stapleton Intern. Airport, Denver, Colo., On Nov. 15, 1987*, 720 F. Supp. 1445, 1448  (D. Colo. 1988).

[41]*Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1059 (Utah 2000) (citing *Shaw v. Layton Const. Co., Inc.*, 872 P.2d 1059, 1063 (Utah Ct. App. 1994).

[42]*Forsman v. Forsman*, 779 P.2d 218, 219 (Utah 1989);  Restatement (Second) Conflict of Laws § 145(1) (1971).

[43]*Records v. Briggs*, 887 P.2d 864, 867 (Utah App. 1994).

[44]*Waddoups*, 54 P.3d at 1059 (citing Restatement (Second) Conflict of Laws § 145(1) (1971)).

[45]*Id.*

14

. . to the occurrence, the thing and the parties."[46]

Villanueva is an action for damages arising from the personal injuries and wrongful death suffered by Fred Villanueva while aboard a Cessna Model 208B aircraft that crashed into the ground near Bellevue, Idaho on December 6, 2004.  Thus, the injuries and accident occurred in Idaho.  The decedent and the representative of his estate both were citizens of the state of Utah at the time of the accident.  Defendant Cessna is a Kansas corporation with its principal place of business in Kansas.  Defendant Goodrich is a New York corporation with its principal place of business in North Carolina.  Cessna admits that it does business in all 50 states, but specifically denies that it sells aircraft within the state of Utah.[47]

Because the aircraft crash occurred in the state of Idaho, the Court finds that Idaho has the most significant relationship and, thus, Idaho law applies to Villanueva's state law tort claims.  Having determined that Idaho law should apply to the Villaneuva case, the Court finds that Villanueva is also subject to the Idaho statutory limitation on pleading punitive damage claims.

Upon review of the evidence submitted with the briefing and in the record, the Court finds that the Villanueva Plaintiffs have not presented sufficient evidence to establish "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  The Villanueva Plaintiffs attached the same training administrator deposition excerpt and online correspondence in support of their second motion to amend as did the Ingram Plaintiffs.[48]  Based on a review of this evidence, the Court determines that the Villanueva Plaintiffs have failed to establish

---

[46]*Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 994) (citing Restatement (Second) of Conflict of Laws § 147).

[47]Defendant Cessna's First Am. Answer to Complaint (doc. 126), ¶ 5.

[48]*See* Exs. to doc. 133.

15

"a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages" as required by Idaho Code § 6-1604(2).   Accordingly, the Court grants Cessna's motion for consideration of its April 3, 2007 Memorandum and Order and vacates the portion of its prior ruling that permitted the Villanueva Plaintiffs to add a claim for punitive damages.

**IT IS THEREFORE ORDERED THAT** Defendant Cessna Aircraft Company's Motion to Reconsider the April 3, 2007 Order Granting Plaintiffs Ingram and Villanueva's Motions to Amend to Add Claims for Punitive Damages (doc. 198) is granted, as set forth herein.

**IT IS FURTHER ORDERED THAT** the portion of its April 3, 2007 Memorandum and Order (doc. 183) that permitted the Ingram and Villanueva Plaintiffs to add a claim for punitive damages is hereby vacated.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of July, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel

16