IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> (This Document Relates Only To ) <br> Silvey, et al. v. Cessna Aircraft Company, et al., ) <br> D. Kan. No. 06-CV-2261-KHV) ) <br> ) <br> ) <br> _____) | MDL No: 1721 <br><br> Case No: 05-md-1721-KHV |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Silvey Plaintiffs' Motion To Strike Defendant FlightSafety International, Inc.'s Motion For Summary Judgment And Brief In Support Thereof (Doc. #252) filed June 5, 2007. For reasons stated below, the Court overrules plaintiffs' motion.

The Silvey Plaintiffs[1] ask the Court to strike FlightSafety's motion for summary judgment because a Texas state court ruled on the issues presented in the motion before defendants removed the case to federal court in Texas. Rule 12(f), Fed. R. Civ. P., provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998). A Rule 12(f) motion is not the appropriate method to challenge the factual support for an allegation. Id.

---

[1] The Silvey Plaintiffs include Amy Silvey, Individually, as Administratrix of the Estate of Wade Allen Silvey, and as Next Friend of Brooke Silvey, a Minor, and Bailie Silvey, a Minor, and Carolyn Sue Williams, Individually.

Rule 12(f) authorizes the Court to strike material from *pleadings*. A motion for summary judgment is not a pleading. See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda. See Searcy v. Soc. Sec. Admin., No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992); Commodity Futures Trading Comm'n v. Purser, No. 00-CV-622-TS, 2006 WL 288420, at *1 (D. Utah 2006); Trujillo, 230 F.R.D. at 660; see also Dawson v. City of Kent, 682 F. Supp. 920, 922 (N.D. Ohio 1988) (Rule 12(f) relates only to pleadings), aff'd, 865 F.2d 257 (6th Cir. 1988). The Court therefore overrules plaintiffs' motion to strike.[2]

**IT IS THEREFORE ORDERED** that the Silvey Plaintiffs' Motion To Strike Defendant FlightSafety International, Inc.'s Motion For Summary Judgment And Brief In Support Thereof (Doc. #252) filed June 5, 2007 be and hereby is **OVERRULED**.

Dated this 27th day of July, 2007, at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge

---

[2] Of course, in ruling on FlightSafety's motion for summary judgment, the Court will address the effect of the Texas state court rulings on the same issues.