**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **IN RE: CESSNA 208 SERIES AIRCRAFT** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | |
| | ) | **MDL No: 1721** |
| | ) | |
| **(This document relates only to** *Konovalova v.* | ) | **Case No: 05-md-1721-KHV-DJW** |
| *Cessna Aircraft Co., et al.***, Case No.  07-1363-** | ) | |
| **KHV-DJW)** | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Cessna Aircraft Company's Motion to

Compel Discovery From Plaintiff Vera Baldaeva  (doc. 424).  Cessna requests an order, pursuant

to Fed. R. Civ. P. 37(a)(3)(B)(iii), compelling plaintiff Vera Baldaeva to respond fully to its first sets

of interrogatories.  Plaintiffs urge the Court to deny the motion without prejudice to refiling based

upon current difficulties in obtaining information necessary to respond to the interrogatories because

plaintiff Baldaeva is located in Russia.  As explained below, the Court grants Cessna's motion to

compel.

I.      **Factual Background**

Plaintiff Baldaeva is the mother and personal representative of Nadezhda Lvovna Baldaeva,

who was killed in an accident involving a Cessna model 208B airplane on November 19, 2005, near

Moscow, Russia.  Plaintiff Baldaeva is one of the claimants in the case styled *Konovalova et al. v.*

*Cessna Aircraft Co., et al*, D. Kan. Case No. 07-1363-KHV, which is now part of this MDL action.

On January 15, 2008, Cessna served its First Set of Interrogatories to Plaintiff Baldaeva,

which contained 20 interrogatories.  On February 13, 2008, plaintiffs' liaison counsel wrote to

Cessna's counsel, requesting an extension of time, until March 21, 2008, to serve its responses to the interrogatories. Cessna agreed to the requested extension and the Court granted plaintiffs' unopposed motion to extend the time for responding to the interrogatories.

On March 25, 2008, Cessna's counsel sent a letter to plaintiffs' liaison counsel reminding him that the answers to the interrogatories were overdue. Cessna's counsel again wrote plaintiffs' liaison counsel on March 28, 2008, asking that plaintiffs' counsel contact him to discuss how the issue could be resolved. Cessna filed a Motion to Compel on April 3, 2008.

The *Konovalova* plaintiffs thereafter served their responses to Cessna's first interrogatories on April 10, 2008.   The following day, Cessna withdrew its motion to compel and reserved the right to file another such motion after it reviewed the responses it had just received from the *Konovalova* plaintiffs.

After reviewing the interrogatory responses, Cessna's counsel sent a letter to plaintiffs' liaison counsel on April 17, 2008. This letter identified five interrogatories, Interrogatory Nos. 6, 7, 12, 15, and 17, which Cessna found the *Konovalova* plaintiffs' responses to be inadequate and not fully responsive to the interrogatories. Cessna's letter prompted a series of email exchanges between counsel in which plaintiffs' counsel agreed to provide additional information from plaintiff Baldaeva, but not before Cessna's deadline for filing a motion to compel. Cessna then filed the instant motion to compel discovery on May 9, 2008.

## II.     Discovery Sought to Be Compelled

Although Cessna's motion does not mention which specific interrogatories it seeks to compel plaintiff Baldaeva to fully respond, the Court surmises from Cessna's April 17, 2008 golden rule letter and Plaintiffs' response brief, that Cessna seeks to compel plaintiff Baldaeva to provide more

complete responses to First Interrogatory Nos. 6, 7, 12, 15, and 17.

Interrogatory No. 6 asks whether the Decedent was ever employed and, if so, to "identify each of Decedent's employers during the last ten years of her life, describing the nature of her work, the rate at which she was compensated, how many hours per week she worked and identifying the name(s) of her immediate supervisor(s)."

Interrogatory No. 7 asks plaintiff Baldaeva to:

describe fully any business or other activity intended to produce income for Decedent or others in which the Decedent was engaged or participated in any way during the last ten years of her life.  As to each such business or activity, state the amount of time the Decedent devoted to the business or activity and the amount of income she received.

Interrogatory No. 12 asks for identification of "every health-care provider by whom Decedent was examined or treated during the last ten years of her life and every medical institution in which each decedent was examined, hospitalized or treated within the last ten years of her life."

Interrogatory No. 15 requests that plaintiff Baldaeva "describe your educational and vocational training, identifying the school or training you attended and listing all degrees, certificates, honors or other evidence that you have completed schooling and training."

Interrogatory No. 17 seeks a full description of:

any business or other activity intended to produce income for Decedent or yourself in which you have been engaged or participated in any way during the last ten years of her life.  As to each such business or activity, state the amount of time you devoted to the business or activity and the amount of income you received.

Plaintiff Baldaeva states in her response brief that she has agreed to supplement the five interrogatories at issue as soon as the information can be obtained.   However, the information requested cannot be obtained quickly from plaintiffs and other sources in the Russian Federation.

She suggests that the Court deny Cessna's motion to compel without prejudice to refiling and immediately schedule a conference to discuss an acceptable process for obtaining damages information that will be fair and non-prejudicial to both parties while preventing this type of dispute. This would give Plaintiff more time to get the information under "very difficult circumstances."

Cessna asks the Court to reject Plaintiffs' suggestions and grant its motion. It argues that by choosing to file her lawsuit in federal court in the United States, plaintiff Baldaeva has submitted to the Court's jurisdiction and is obligated to comply with the Federal Rules of Civil Procedure, including those governing discovery. The fact that the information is in Russia does not relieve plaintiff Baldaeva from her obligation to provide it to Cessna.

Plaintiff Baldaeva has agreed to supplement the five interrogatories at issue. But she cannot quickly obtain the information necessary to supplement the interrogatories from plaintiff and other sources in the Russian Federation. Plaintiff Baldaeva, however, fails to advise the Court of how long she estimates that it will take her to obtain the information. She further fails to sufficiently explain why the information cannot be obtained in the same manner she obtained the information to originally answer the interrogatories. The Court therefore rejects Plaintiff Baldaeva's suggestion to deny Cessna's motion to compel without prejudice to refiling and schedule a conference to discuss an acceptable process for obtaining damages information. Plaintiff Baldaeva has failed to persuade the Court that the circumstances justify a special discovery process. None of the five interrogatories at issue appear to require complicated or voluminous information. While the Court recognizes the logistical difficulties in conducting discovery when several of the plaintiffs reside in Russia, the Court does not find this to be sufficient reason to excuse compliance with the Federal Rules of Civil Procedure and give Plaintiff Baldaeva an unspecified amount of time to obtain

information necessary to supplement her responses to Cessna's interrogatories or to set up a special

discovery process for plaintiffs residing in Russia.  Cessna's motion to compel has been on file since

May 9, 2008.  Cessna informed plaintiff Baldaeva that her interrogatory responses were deficient

on April 17, 2008, over three and a half months ago. The Court finds that an additional sixty (60)

days for plaintiff Baldaeva to supplement her responses should be a sufficient amount of time to

obtain the necessary information.

IT IS THEREFORE ORDERED THAT Defendant Cessna Aircraft Company's Motion to

Compel Discovery From Plaintiff Vera Baldaeva  (doc. 424) is granted.   Plaintiff Baldaeva shall

serve supplemental responses fully responding to Cessna's Interrogatory Nos. 6, 7, 12, 15, and 17

**within sixty (60) days of the date of this Memorandum and Order**.

IT IS FURTHER ORDERED THAT the circumstances of Plaintiff Baldaeva's failure to

adequately respond to Cessna's interrogatories makes any award of expenses, pursuant to Fed. R.

Civ. P. 37(a)(5)(A), unjust.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of August, 2008.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel