## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **IN RE: CESSNA 208 SERIES AIRCRAFT** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **MDL No: 1721** |
| | ) | |
| | ) | **Case No: 05-md-1721-KHV** |
| **(This Document Relates To All Cases)** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on <u>Cessna Aircraft Company's Motion To Strike William D. Waldock's Revised Expert Report</u> (Doc. #523) filed July 21, 2008.  For reasons stated below, the Court overrules defendant's motion.

### Factual And Procedural Background

Plaintiffs allege that ice accumulation on the Cessna 208 Caravan aircraft was a factor in various crashes.  Plaintiffs allege that (1) the Caravan left Cessna's control in an unreasonably dangerous condition; (2) Cessna negligently designed, manufactured and assembled the Caravan; (3) Cessna breached express and implied warranties; and (4) Cessna fraudulently disclosed data about the aircraft certification.  Plaintiffs also assert claims for strict liability, negligence and breach of warranty against Goodrich, regarding the Caravan's pneumatic de-icing boots.

On April 15, 2008, plaintiffs disclosed William D. Waldock as one of nine common issue experts.  In his report of April 14, 2008, Waldock opined as follows:

1. During the period 1987 to 2007, the Cessna 208 Caravan has an accident history in which "airframe icing" is involved in 21% of the total accidents for the aircraft.

2. The C-208B model accounts for 31 (88.5%) of the 35 accidents [involving airframe icing].

3. Similar aircraft from different manufacturers experience a much lower incidence of icing accidents within their total accident populations.  The Caravan had a comparative rate of 2 to 10 times the numbers of icing-related

accidents as a number of the total accident population.

4.   The Cessna Aircraft Company failed to recognize the incidence or significance of icing-related accidents, even though each accident was investigated by Cessna investigators and those involving icing were clearly identified as a factor in the individual reports.

5.   The Cessna Aircraft Company failed to conduct a survey, special investigation, or statistical analysis of icing-related accidents/incidents until at least 2005, even though the data regarding such was available and obtainable.   The NTSB had become concerned as early as 2003 and conducted their own review, resulting in their concern that the aircraft had problems in icing conditions.  Such analyses would have clearly revealed the problems the aircraft has when operated in known icing conditions.

Waldock Expert Report at 4, attached to Cessna's <u>Memorandum In Support Of Motion To Strike</u>

<u>William D. Waldock's Revised Expert Report</u> (Doc. #525) filed July 21, 2008.

Cessna deposed Mr. Waldock on April 24, 2008.  During the deposition, Waldock concluded that three of the 35 accidents referenced in paragraph two of the opinion section of his original report did not meet certain criteria and should be eliminated from the analysis.  Cessna could not complete Waldock's deposition because he had not produced all of the documents on which he relied to prepare his comparison of icing accident rates, and the parties ultimately agreed to continue his deposition to July 28, 2008.

On July 9, 2008, plaintiffs served a revised expert report by Waldock.  In the revised report, Waldock revised his opinions as follows: (1) in the first paragraph of his opinions, he changed the percentage of total Cessna 208 Caravan accidents which involved airframe icing from 21 per cent to 19.3 per cent and (2) in the second paragraph of his opinion, to reflect the change from 31 out of 35 accidents to 29 out of 32 accidents, he changed the percentage of airframe icing accidents

involving the C-208B model from 88.5 per cent to 90.5 per cent.[1]  See Waldock Revised Expert

Report at 4.  Waldock did not otherwise change the opinions of his original report.

On July 28, 2008, Cessna continued Waldock's deposition.

## Analysis

**I.     Violation Of Rule 26(a) or (e)**

Cessna asks the Court to strike Waldock's revised report as untimely.  Rule 26(a)(2)(A), Fed.

R. Civ. P., requires that a party disclose the identity of any expert who may testify at trial.  This

disclosure must be accompanied by a written report prepared and signed by the witness.  In addition,

the report must contain:

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)    the data or other information considered by the witness in forming them;
>
> (iii)   any exhibits that will be used to summarize or support them;
>
> (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)     a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  If a party learns that a disclosure is incomplete or inaccurate, it must

---

[1]     In addition to the changes in his opinions, Waldock made similar changes to his findings.  Waldock also made three minor changes to the findings of his report.  First, he determined the percentage of accidents involving airframe icing for a subset (the Piper PA-46-500TP) of a class of planes contained in the original report (the Piper PA-46 Malibu Meridan aircraft).  See Waldock Revised Expert Report at 2.  Second, he deleted any comparison to the accident history for the Pilatus PC-6 aircraft.  See id. at 2-3.  Finally, he changed from 79 to 81 the number of accidents reported for the Mitsubishi MU-2B (low wing).  See id. at 3.

supplement its disclosures and discovery responses in a "timely manner." Fed. R. Civ. P. 26(e)(1)(A).

Cessna argues that Waldock's revised report is not a proper "supplement" to his original report because the information in the revised report was available to him when he prepared the original report. "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." E.E.O.C. v. Outback Steak House of Fl., Inc., No. 06-cv-01935, 2008 WL 3992172, at *8 (D. Colo. Aug. 20, 2008) (quoting Cook v. Rockwell Int'l Corp., No. 90-cv-00181-J, 2006 WL 3533049, at *87 (D. Colo. Dec. 7, 2006)). Permissible supplementation ordinarily includes "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." Id. (quoting Cook, 2006 WL 3533049, at *87).

Here, the changes in Waldock's report were relatively minor and can be characterized as simply correcting inaccuracies in the original report. Except for two minor changes to the percentages (one change which slightly benefitted Cessna and one change which slightly benefitted plaintiffs), Waldock did not change the opinion portion of his report. Cf. Keener v. United States, 181 F.R.D. 639, 642 (D. Mont. 1998) (excluding "supplemental" report which was so substantially different from original that it fell far outside any reasonable notion of correcting incomplete or inaccurate expert report). The changes in his findings were minor and consisted primarily of

-4-

omitting material which was included in his original report. In sum, the revised report is a proper supplement of Waldock's expert opinion under Rule 26(e).[2]

## II.    Any Violation Of Rule 26(a) Or (e) Was Harmless

Even if the Court considers Waldock's revised report as a new untimely report under Rule 26(a), plaintiffs' failure to disclose the report earlier was harmless. Rule 37(c)(1) provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) is not – unless such failure is harmless – permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. Rule 26 and the scheduling order impose an obligation on plaintiffs to properly disclose their damages and to timely supplement such information as necessary. See Fed. R. Civ. P. 26(a)(2), 26(e); Hannah v. Roadway Express, Inc., 200 F.R.D. 651, 654 (D. Colo. 2001) (scheduling order not frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril).

Unless a party shows that failure to comply with Rule 26(a) or 26(e) was substantially justified or harmless, the Court must exclude the undisclosed evidence at trial. See Fed. R. Civ. P. 37(c)(1); Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); Cuenca v. Univ. of Kan., No. 98-4180-SAC, 2001 WL 789404, at *3 (D. Kan. May 14, 2001) (exclusion automatic and mandatory unless violation of Rule 26(a) justified or harmless); Hirpa v. IHC Hosps., Inc., 149 F. Supp.2d 1289, 1294-95 (D. Kan. 2001) (burden to show substantial justification or harmlessness on party who failed to make required disclosure). The failure to disclose is harmless when the party entitled to disclosure is not prejudiced. Umbenhower v. Copart, Inc., 222 F.R.D. 672, 675 (D. Kan.

_____

[2]        Cessna does not dispute that to the extent that Waldock's revised report is considered a supplement, it was timely disclosed under Rule 26(e).

2004) (citation omitted).   The Court need not make explicit findings, however, whether nondisclosure was justified or harmless.  See Woodworker's Supply, Inc. v. Principal Mut. Life, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).  Rather, the Court should use its discretion in evaluating the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id. (citations omitted).

Here, Cessna was not surprised or prejudiced because Waldock primarily removed supporting data from his original report.  Except for very minor changes to the percentages, Waldock's underlying opinions are identical in the two reports.  Cessna had adequate time to alleviate any prejudice by questioning Waldock at the continuation of his deposition in July of 2008. The additional time to continue Waldock's deposition and to extend the deadline for Cessna to prepare rebuttal expert reports does not impact the trial date(s) in this matter.  Finally, the record contains no evidence that plaintiffs acted in bad faith.[3]  Accordingly, the Court finds that any violation of Rule 26(a) or 26(e) was harmless.

**IT IS THEREFORE ORDERED** that Cessna Aircraft Company's Motion To Strike William D. Waldock's Revised Expert Report (Doc. #523) filed July 21, 2008 be and hereby is **OVERRULED.**

---

[3]      Cessna states that allowing it to re-take Waldock's deposition and extending the deadline for its experts to respond does not cure any prejudice because it cannot rely on the finality of Waldock's report.  Cessna has only shown potential prejudice if Waldock attempts to make further revisions in his report.  Cessna has not shown any specific prejudice which it has suffered to date.

Dated this 17th day of November, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge