IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> (This document relates all cases) ) <br> ) <br> ) <br> _____) | MDL No: 1721 <br><br> Case No: 05-md-1721-KHV-DJW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Protective Order Relating to the Deposition of Steven McNew (doc. 595). Plaintiffs request that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) regarding the continued deposition of fact witness Steven McNew, a former employee of Defendant Cessna Aircraft Company ("Cessna"). Specifically, Plaintiffs ask the Court to appoint counsel to represent Mr. McNew, who will be a key fact witness, for purposes of scheduling and facilitating his appearance at his continued deposition, handling all communications regarding the deposition, and protecting his interests at the deposition. Plaintiffs also ask that the costs of Mr. McNew's appointed attorney be paid 40% by them, 40% by Defendant Cessna, and 10% by Defendant Goodrich Corporation ("Goodrich").[1]

Defendants Cessna and Goodrich oppose the motion. They argue that Plaintiffs have failed to show good cause for a protective order or persuasive authority for the extraordinary relief sought, appointing counsel for a nonparty witness. To Defendants' knowledge, Mr. McNew has not asked to have an attorney appointed for him. They see no need for conducting Mr. McNew's deposition

---

[1] Plaintiffs' motion does not indicate who would pay the remaining 10% of the cost of Mr. McNew's appointed counsel.

other than through the normal discovery process, under which any party who wishes to take Mr. McNew's deposition may issue and serve a subpoena for him to appear for deposition in Wichita, where he resides.

Under Federal Rule of Civil Procedure 26(c), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.[2]

The party seeking a protective order has the burden to show good cause for it.[3] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[4]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[5] The Supreme Court has recognized that "[t]he trial court is in the

---

[2] Fed. R. Civ. P. 26(c).

[3] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[4] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[5] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[6] Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[7]

The Court finds that Plaintiffs have failed to demonstrate that the basis for the requested protective order falls within one of the specific categories enumerated in Rule 26(c), i.e., that it is necessary to protect them "from annoyance, embarrassment, oppression, or undue burden or expense." Nor does the relief sought, i.e., the appointment of counsel for a nonparty witness, fall within any of the specific types of relief set out in subsections (A) through (H) of Rule 26(c).

Aside from their reliance on Rule 26(c), Plaintiffs have not provided any legal precedent or authority for their request asking the Court to appoint counsel for a nonparty witness. The Court further questions whether Plaintiffs have standing to seek appointment of counsel for a nonparty witness.[8] Even if the Court were to find that Plaintiffs have standing to request the relief sought in the instant motion, Plaintiffs have not sufficiently shown that the circumstances presented justify

---

[6]*Seattle Times*, 467 U.S. at 36.

[7]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[8]*See Strong v. Wisconsin*, No. 07-cv-86-bbc, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) (party seeking appointment of counsel for nonparty witness scheduled to be deposed did not have standing).

the extraordinary relief sought.  Mr. McNew's status as a former employee of Defendant Cessna and his role and testimony in prior cases on behalf of Cessna are not sufficient reasons for the Court, without precedent, to appoint counsel to represent him at his continued deposition.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Protective Order Relating to the Deposition of Steven McNew (doc. 595) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of December, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel