**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | MDL No: 1721 |
| ) | |
| (This document relates all cases) ) | Case No: 05-md-1721-KHV-DJW |
| ) | |
| ) | |
| _____ ) | |

**ORDER**

On January 21, 2009, the Court conducted a final pretrial conference in this multi-district litigation ("MDL"). During the conference, the Court took under advisement the issue of whether all parties should be required to set out, in the proposed pretrial order, their respective lists of essential elements for all theories of recovery and defenses pled. Plaintiffs object to including essential elements for their theories of recovery in each individual case transferred to the MDL. They argue this would require assumptions about the resolution of numerous choice of law motions in each individual case by the transferor courts after remand. Defendant Cessna has included what it believes are the essential elements for all Plaintiffs' theories of recovery, as well as its affirmative defenses. It argues that Plaintiffs should likewise be required provide their version of the essential elements for each theory of recovery. Defendant Goodrich's position is that it believes it is not appropriate to list its defenses and affirmative defenses to each individual case until such time as discovery and pretrial proceedings have been accomplished in the transferor courts. It contends that issues as to choices of law that will be decided in the transferor courts will greatly affect its defenses and affirmative defenses.

Upon consideration of the parties' respective positions, the Court determines that Plaintiffs

will not be required to include essential elements for their theories of recovery or for the affirmative defenses of defendants.  Defendant Cessna may include essential elements in the pretrial order, but the Court will not require Plaintiffs or any other party to provide essential elements for their theories of recovery or defenses.  Given the role of the transferee court in MDL proceedings, the Court finds that requiring every party to include essential elements for the various theories of recovery and defenses asserted in each individual case when the choice of law issues have not yet been decided by the transferor courts would not comport with the goal of Fed. R. Civ. P. 1 to secure the "just, speedy, and inexpensive determination of every action and proceeding."

   IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 23rd day of January, 2009.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:	All counsel