**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | **MDL No: 1721** |
| (This Document Relates Only To ) | |
| <u>Allan, et al. v. Cessna Aircraft Company, et al.,</u> ) | **Case No: 05-md-1721-KHV** |
| D. Kan. No. 07-2120-KHV) ) | |
| ) | |
| ) | |
| _____ ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the <u>Motion To Reconsider Order Denying Cessna's Motion To Dismiss For *Forum Non Conveniens*</u> (Doc. #418) which Cessna Aircraft Company filed May 7, 2008.  In the motion, filed pursuant to D. Kan. Rule 7.3(b)(3), Cessna asserts that the Court clearly erred in overruling Cessna's motion to dismiss.  See <u>Memorandum And Order</u> (Doc. #404) dated April 23, 2008.  Specifically, Cessna argues that (1) the Court improperly "used" recommendations of the National Transportation and Safety Board ("NTSB" or "Board") despite the prohibition in 49 U.S.C. § 1154(b) and "misstated" facts in connection with the NTSB recommendations; (2) the Court improperly deemed Cessna a "forum defendant;" (3) the Court ignored Cessna's agreement to make MDL discovery available in a Canadian forum; and (4) the Court went against the weight of federal decisions, including binding precedent from the Supreme Court and the Tenth Circuit.  For the reasons stated below, the Court overrules Cessna's motion but takes this opportunity to supplement and clarify its prior order.

**I.      Legal Standard For Motion To Reconsider**

A court has discretion whether to grant a motion to reconsider.  <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 944 (10th Cir. 1995).  A motion which asks the Court to reconsider a non-dispositive order "shall be based on (1) an intervening change in controlling law, (2) the availability

of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). In general, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence. Sump v. Fingerhut, Inc., 208 F.R.D. 324, 327 (D. Kan. 2002) citing Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc., 115 F. Supp. 2d. 1250, 1256 (D. Colo. 2000). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); accord O'Connor v. Pan Am Corp., 5 Fed. Appx. 48, 56 (2d. Cir. 2001).

A *forum non conveniens* determination is committed to the sound discretion of the trial court. Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998); Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146 (2d Cir. 2005). Where the Court has "considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." Gschwind, 161 F.3d at 606. The core question is whether the Court misapprehended or misapplied the relevant legal standards, not whether the Court abused its discretion. Bigio v. Coca-Cola Co., 448 F.3d 176, 179 (2d Cir. 2006) (citing Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001)).

## II.   Factual and Procedural Background

As the Court has explained, Nancy Chase-Allen died on October 5, 2006 while piloting a Cessna Model 208B (Caravan) airplane. The plane crashed near Winnipeg, Manitoba, and her family later filed suit against Cessna and Goodrich Corporation in the United States District Court for the Southern District of New York. The Judicial Panel on Multidistrict Litigation (the "MDL Panel") later transferred the case to this Court for pretrial proceedings. See Transfer Order (Doc.

#167).

Plaintiffs allege that ice accumulation on the aircraft was a factor in the crash. Specifically, plaintiffs allege that (1) the Caravan left Cessna's control in an unreasonably dangerous condition; (2) Cessna negligently designed, manufactured and assembled the Caravan; (3) Cessna breached express and implied warranties; and (4) Cessna fraudulently disclosed data about the aircraft certification. As to Goodrich, plaintiffs assert claims for strict liability, negligence and breach of warranty related to pneumatic de-icing boots on the aircraft.

Chase-Allan resided in Moncton, New Brunswick and worked as a pilot for Morning Star, a Canadian air cargo company which was headquartered in Edmonton, Alberta. Her Caravan airplane crashed shortly after take-off from the airport in Winnipeg, Manitoba. Furthermore, Cessna is incorporated in Kansas, has its principal place of business in Wichita, Kansas, and designed, tested and built the Caravan airplane in Kansas from components which it and other companies manufactured throughout the world. The Caravan was equipped with pneumatic de-icing boots which Goodrich manufactured in Union, West Virginia. Goodrich is incorporated in New York, and has its principal place of business in Charlotte, North Carolina.

**III.    <u>Analysis</u>**

Cessna originally asked the Court to dismiss this action on grounds of *forum non conveniens*. In its motion and supporting memorandum, Cessna relied principally upon <u>Piper Aircraft v. Reyno</u>, 454 U.S. 235, 102 S. Ct. 252 (1981), which sets out the balancing test for courts to conduct a *forum non conveniens* analysis. Using the <u>Reyno</u> framework, Cessna first argued that (1) because plaintiffs are not citizens of the United States, their choice of a United States forum is due little if any deference; and (2) Canada is an available and adequate forum. Cessna argued that private interests

favored dismissal because (1) most physical and documentary evidence is located in Canada; (2) numerous non-party witnesses reside in Canada and are subject to compulsory process there; and (3) it would be easier to view the premises if the case is litigated in Canada. Cessna also argued that public interest factors favored dismissal because (1) Canadian courts have a strong interest in deciding the case and (2) Canadian law probably applies.

The Court conducted a *forum non conveniens* analysis and determined that (1) plaintiffs' choice of forum was entitled to some deference; (2) defendants were amenable to process in an adequate alternative forum; and (3) foreign law applies. <u>Memorandum And Order</u> (Doc. #404) at 4. It then examined the relevant private and public interest factors and made the following determinations:

| **Private Interest Factors** | | | |
|---|---|---|---|
| (1) relative ease of access to sources of proof | strongly in favor of plaintiffs | | |
| (2) availability of compulsory process for compelling witness attendance | | slightly in favor of Cessna | |
| (3) cost of obtaining evidence | | | neutral |
| (4) possibility of viewing premises | | | neutral |
| **Public Interest Factors** | | | |
| (1) local interest in having localized controversies decided at home | in favor of plaintiffs | | |
| (2) appropriateness of having diversity cases tried in forum familiar with governing law | | slightly in favor of Cessna | |

After weighing the factors and according plaintiffs' choice of forum some degree of deference, the Court determined that a *forum non conveniens* dismissal was unwarranted. Memorandum And Order (Doc. #404) at 9.   As the Court noted in its memorandum and order, *forum non conveniens* is a discretionary doctrine which permits but does not require dismissal when "an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish 'oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" Memorandum And Order (Doc. #404) at 3 (quoting Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 127 S. Ct. 1184, 1190 (2007)) (further citations omitted).

### A.    The Court did not commit "clear error" by citing the National Transportation Safety Board Report.

Cessna complains that the Court violated the Independent Safety Board Act of 1974 ("Safety Act"), 49 U.S.C. § 1154(b), by improperly "using" NTSB recommendations in setting out the factual and procedural background of the case.  While Cessna is correct that NTSB accident reports may not be admitted into evidence or used in civil actions for damages, see 49 U.S.C. §1154(b), 49 C.F.R. § 835.2, Cessna's argument is based upon a faulty premise because the Court did not rely on any NTSB report or admit such a report into evidence.

The Court made three references to the NTSB and its recommendations.  Almost verbatim, the references were from § 4.1.2 of the report of the Transportation Safety Board of Canada ("TSB") which Cessna attached as Exhibit C to Cessna's Memorandum In Support Of Its Motion To Dismiss

For *Forum Non Conveniens* (Doc. #270).  If Cessna did not want the Court to "use" Exhibit C, it should not have cited it in support of its motion.[1]  More fundamentally, however, the Court merely mentioned the NTSB recommendations, as summarized in the TSB report, by way of factual background.  The report and recommendations played no role in the Court's decision to overrule Cessna's motion.   Accordingly, the Court did not commit clear error when it included references to the NTSB report in its memorandum and order.

> **B.      The Court did not commit "clear error" by classifying Cessna as a "forum defendant."**

Cessna argues that under the doctrine of *forum non conveniens*, the Court erroneously treated it as a "forum defendant" and therefore required it to meet a higher burden to obtain dismissal.  After reviewing Cessna's briefing and the cases which it cites, the Court acknowledges that it did err when it deemed Cessna a "forum resident" and imposed on it a higher burden to build its case for dismissal.  See Memorandum And Order (Doc. #404) at 4, 8.[2]  This misclassification does not affect the Court's decision, however, because reducing Cessna's burden does not alter the Court's decision. The Court has previously considered and accounted for the fact that (1) as a corporation, Cessna does not bear as heavy a burden as individual forum residents, and (2) the heavier burden applied to forum defendants applies with less weight to international corporations such as Cessna. Furthermore, Cessna's co-defendant *is* a forum resident, which dilutes Cessna's argument.  See

---

[1]      Cessna also attached the allegedly inadmissible report as Exhibit A to its Memorandum In Support Of Cessna's Motion To Reconsider Order Denying Cessna's Motion To Dismiss For *Forum Non Conveniens* (Doc. #419) filed May 7, 2008.

[2]      The case originated and will return for trial in the Southern District of New York, which is the relevant forum in this MDL case.

Gschwind, 161 F.3d at 609.

### C. The Court did not commit "clear error" by omitting mention of Cessna's agreement to make MDL discovery available in a Canadian forum.

Cessna complains that the Court did not consider Cessna's agreement to make MDL discovery available if plaintiff re-filed the case in a Canadian forum. Cessna argues that as a consequence, the Court erred when it concluded that the relative ease of access to sources of proof strongly favors plaintiffs because evidence is more easily accessible in the United States through the MDL proceeding. Cessna argues that because it has offered to make all MDL evidence available to plaintiffs if they file an action in Canada, the fact that most other evidence is presumably located in Canada should weigh in favor of a Canadian forum.

Cessna has not convinced the Court that its offer to give plaintiffs access to MDL discovery rebalances this factor in its favor. The Court acknowledges that it did not overtly address Cessna's offer to make MDL evidence available in a Canadian action. As the Court previously noted, however, no particular Canadian province is the obvious alternative forum, which complicates this analysis and weighs against Cessna. Because the Canadian evidence is not centrally located, the Court remains unconvinced that this factor somehow weighs in favor of an unidentified Canadian forum. First, the fact that evidence is located in Canada does not automatically make that evidence more easily accessible through a Canadian court. Second, evidence related to this case is located in at least three Canadian provinces and at least three states in the United States. Cessna has made no effort to explain how it would be easier to collect relevant non-MDL evidence through an unspecified Canadian forum than through pretrial proceedings in the District of Kansas or post-remand proceedings in the Southern District of New York. Finally, Cessna has conspicuously

ignored the fact that Goodrich, its co-defendant, has not spoken on this issue.  Accordingly, the

Court did not commit clear error when it determined that the ease of access to proof weighs in favor

of plaintiffs.

      **D.**      **Federal jurisprudence accords district courts substantial deference when making *forum non conveniens* determinations.**

Despite the fact that *forum non conveniens* is a wholly discretionary doctrine, Cessna argues

that this record somehow mandates dismissal.  The Court rejects Cessna's argument on this point.

**IT IS THEREFORE ORDERED** that the <u>Motion To Reconsider Order Denying Cessna's</u>

<u>Motion to Dismiss For *Forum Non Conveniens*</u> (Doc. #418) filed May 7, 2008 be and hereby is

**OVERRULED.**

Dated this 30th day of January, 2009 at Kansas City, Kansas.

                                      <u>s/ Kathryn H. Vratil</u>
                                      KATHRYN H. VRATIL
                                      United States District Judge