IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> **(This Document Relates Only To Mountain** ) <br> **Bird, Inc. et al. v. Cessna Aircraft Co. et al.,** ) <br> **D. Kan. No. 06-cv-2365-KHV)** ) <br> _____) | MDL No: 1721 <br><br> Case No: 05-md-1721-KHV |

## ORDER

On December 6, 2004, the pilot and one passenger on a Cessna Model 208B airplane died when the plane crashed near Bellevue, Idaho. In the United States District Court for the District of Idaho, Spirit Air, Inc., the owner of the plane, and Mountain Bird, Inc., the operator of the plane, filed suit against Cessna Aircraft Company, Inc. and Goodrich Corporation. Later, the Judicial Panel on Multidistrict Litigation transferred the case to this Court as part of the multidistrict proceedings involving the Cessna 208 series aircraft. On December 17, 2008, as to the claims of Mountain Bird and Spirit Air, the Court sustained Cessna's motion for summary judgment and Goodrich's motion for judgment on the pleadings. See Memorandum And Order (Doc. #653). That same day, the Court entered judgment in favor of Cessna and Goodrich and ordered the action dismissed on the merits. See Judgment In A Civil Case (Doc. #654 filed in D. Kan. 05-md-1721-KHV) and (Doc. #4 filed in D. Kan. No. 06-cv-2635-KHV). This matter is before the Court on plaintiffs' Motion For Rule 54(b) Certification (Doc. # 764) filed February 23, 2009. For reasons stated below, the Court sustains plaintiffs' motion.

On January 14, 2009, plaintiffs filed a Notice of Appeal from the Court's final judgment filed on December 17, 2008. On February 2, 2009, the Tenth Circuit Court of Appeals asked the parties to address whether it had jurisdiction to hear the appeal. Plaintiffs ask for certification of the

judgment under Rule 54(b) in the event that the Tenth Circuit finds that it does not have jurisdiction over the present appeal. Defendants do not oppose certification under Rule 54(b).

Rule 54(b), Fed. R. Civ. P., provides as follows:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Certification under Rule 54(b) is permissive. See 10 Charles Alan Wright, et al., Federal Practice & Procedure: Civil 3d § 2656 (1998) at 45. "Despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions." In re Integra Realty Res., Inc., 262 F.3d 1089, 1107 (10th Cir. 2001) (quoting 10 Charles Alan Wright, et al., Federal Practice & Procedure: Civil 3d § 2656 (1998)). "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." United Bank of Pueblo v. Hartford Acc. & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976) (quotation and citation omitted).

The Court's Judgment (Doc. #654) resolves all of the pending claims between Mountain Bird, Spirit Air, Cessna and Goodrich. Out of an abundance of caution, the Court finds no just reason for delay of the appeal of the Court's Judgment (Doc. #654) and certifies the judgment as a final judgment under Rule 54(b), Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Rule 54(b) Certification (Doc.

# 764) filed February 23, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that to the extent the Tenth Circuit Court of Appeals does not consider this Court's Judgment (Doc. #654) as a final judgment, the Court hereby finds, under Rule 54(b), Fed. R. Civ. P., no just reason for delay of the appeal of the claims between Mountain Bird, Inc., Spirit Air, Inc., Cessna Aircraft Company, Inc. and Goodrich Corporation until entry of final judgment on the claims between the other parties in this multidistrict litigation. The Court therefore certifies the Judgment (Doc. #654) as a final judgment under Rule 54(b), Fed. R. Civ. P.

Dated this 26th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge