IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION | ) ) ) MDL No: 1721 |
| (This Document Relates Only To The Cases Consolidated As <u>Jones v. Cessna Aircraft Co.</u>, D. Kan. No. 08-2273) | ) ) Case No: 05-md-1721-KHV ) ) ) |

**MEMORANDUM AND ORDER**

On October 7, 2007, Bryan E. Jones, Andrew Smith, Hollie Raspberry, Casey Craig, Cecil A. Elsner, Michelle L. Barker, Jeff W. Ross, Landon E. Atkin and Ralph Abdo died in the crash of a Cessna Model 208B airplane near Naches, Washington. Their estates and relatives filed suit against Cessna Aircraft Company and Goodrich Corporation seeking damages for personal injuries and wrongful death. On February 5, 2009, the Court dismissed plaintiffs' fraud claim for failure to state a claim. See <u>Memorandum And Order</u> (Doc. #740). This matter is before the Court on <u>Plaintiffs' Motion To Clarify And Reconsider The February 5, 2009 Order Sustaining Defendant Cessna Aircraft Company's Motion To Dismiss Plaintiffs' Fraud And Punitive Damages Claim</u> (Doc. #757) and <u>Plaintiffs' Motion To Amend Their Consolidated Complaint</u> (Doc. #759), both filed February 20, 2009. For reasons stated below, the Court sustains plaintiffs' motion to clarify in part and overrules the remaining motions.

**Legal Standards**

A court has discretion whether to grant a motion to reconsider. <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981); <u>Burnett v. W. Res., Inc.</u>, 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan.

Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

**Factual Background**

The complaint is summarized as follows:

In 1986, Cessna, a Kansas corporation with a principal place of business of Kansas, designed, manufactured and assembled its Model 208B aircraft with the authority of the United States Federal Aviation Administration under Type Certificate A37CE. Cessna also provided customer support for the aircraft including service bulletins, manual revisions and similar support services. Goodrich, a New York corporation with a principal place of business of North Carolina, designed and manufactured a pneumatic de-icing system which Cessna incorporated on the aircraft.

On October 7, 2007, plaintiffs' decedents – who all resided in Washington – were passengers on a Cessna Model 208B aircraft from Star, Idaho to Shelton, Washington. The plane malfunctioned in icy conditions and crashed in Naches, Washington. Plaintiffs bring suit on behalf of themselves and the estates of the decedents, which were all established in Washington, alleging product liability claims against Cessna and Goodrich.

In Count III, plaintiffs asserted a fraud claim against Cessna which in part alleged as follows:

(a) CESSNA performed the developmental and performance testing for the Certification of the Cessna 208B aircraft . . . pursuant to the Delegated Option Authorization given to CESSNA by the Federal Aviation Administration [(FAA)] . . . and pursuant to an FAA approved Delegation

> Option Authorization Procedures Manual. . . .
>
> (b) The certification testing . . . for "operations in known icing conditions" . . . was required to meet the criteria set forth in FAR Part 23, Appendix "C" with respect to water droplet size ("MVD"), droplet water content ("LWC"), exposure as measured by distance and the intermittent or continuous cloud, precipitation and temperature criteria of Appendix "C."
>
> (c) The testing performed by CESSNA was done knowing that measurement equipment on the aircraft was non-functional . . . . This conduct was done willfully, wantonly, and in total disregard for the lives and safety of aircraft owners, operators, pilots, and passengers who relied upon the certification requirements of the FAA. . . . * * *
>
> (g) The . . . false creation and publication of data in training publications was done in deliberate disregard for the lives of aircraft owners, operators, pilots, and passengers including plaintiffs' decedents and was relied upon as authoritative training information by pilots and regulatory agencies, and was consequently an intentional fraud and constituted punitive conduct giving rise to CESSNA's liability for punitive damages under Kansas law. * * *
>
> (i) As of October 8, 2007, the error in the miscalibration of the 208B aircraft stall warning system was not publicly disclosed to owners, operators, pilots or passengers of the effected aircraft, including those individuals responsible for the operation of the accident aircraft. This conduct, the discovery of a known error . . . and the concealment of that error for two years demonstrates deliberate, willful, and wanton conduct that was clearly in total disregard for the lives and safety of plaintiffs' decedents, which taken as a whole constituted fraud and punitive conduct giving rise to CESSNA's liability for punitive damages under Kansas law.

Plaintiff's Consolidated Complaint At Law (Doc. #486) at 20-24. On February 5, 2009, the Court dismissed plaintiffs' fraud claim for failure to state a claim. See Memorandum And Order (Doc. #740). In particular, the Court held that plaintiffs did not sufficiently allege that they reasonably relied and acted to their detriment on the alleged false representations. See id.

## **Analysis**

Plaintiffs do not assert that the Court erred in dismissing their fraud claim. Plaintiffs argue, however, that Count III stated more than a fraud claim, i.e. "a claim for punitive damages under

K.S.A. § 60-3701 et seq."[1] Memorandum In Support Of Plaintiffs' Motion To Clarify And Reconsider The February 5, 2009 Order Sustaining Defendant Cessna Aircraft Company's Motion To Dismiss Plaintiffs' Fraud And Punitive Damages Claim (Doc. #758) filed February 20, 2009 at 2. Plaintiffs therefore ask the Court to reconsider its decision to dismiss Count III or, in the alternative, to allow them to amend their complaint to add a claim for punitive conduct under K.S.A. § 60-3701 et seq. See id. at 1-2; Plaintiffs' Memorandum In Support Of Their Motion To Amend their Consolidated Complaint (Doc. #760) at 1-4.

Kansas does not recognize an independent claim for punitive damages. See K.S.A. § 60-3702(a) (statute applies in civil action "in which exemplary or punitive damages are recoverable"); Stevens v. Jayhawk Realty Co., 236 Kan. 90, 91, 689 P.2d 786, 787 (1984) (except in cases of equitable relief, actual damages prerequisite to punitive damages); Morsey v. Chevron, USA, Inc., 94 F.3d 1470, 1477 (1996) (same); see also Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 604 (5th Cir. 1988) (punitive damages not independent claim or cause of action, but remedy available in various causes of action); Jackson v. Johns, 714 F. Supp. 1126, 1131 (D. Colo. 1989) (punitive damages not separate claim for relief but prayer for damages). Because Kansas law does not recognize a separate claim for "punitive conduct" and plaintiffs had not stated an actionable fraud claim, the Court did not err in dismissing Count III. Likewise, any amendment to assert a separate claim based on "punitive conduct" would be futile.

---

[1] Plaintiffs do not explain why they did not assert this argument in response to Cessna's motion to dismiss. In that response, despite some vague references to "punitive conduct," plaintiffs repeatedly referred to their Third Claim For Relief (Count III) as a fraud claim and did not attempt to argue that they asserted an *independent* claim for "punitive conduct." See Plaintiffs' Opposition To Defendant Cessna Aircraft Company's Motion To Dismiss Plaintiffs' Fraud And Punitive Damages Claim (Doc. #552) filed August 15, 2008 at 3, 20-22.

Based on the allegations in the complaint, plaintiffs clearly seek punitive damages from Cessna. Although plaintiffs cannot assert an independent claim for such damages, the Court construes plaintiffs' complaint as requesting punitive damages from Cessna in their prayer for relief in conjunction with their First Claim (Products Liability).

Cessna argues that plaintiffs have not alleged facts which support relief for willful, wanton or malicious conduct under K.S.A. § 60-3702. In ruling on a motion to dismiss, the Court must assume as true all well pleaded facts in plaintiffs' complaint and view them in a light most favorable to plaintiffs. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Plaintiffs allege that (1) pursuant to its delegation of authority from the Federal Aviation Administration, Cessna certified the 208B aircraft when it knew that testing equipment to determine whether the aircraft satisfied federal requirements was not functional; (2) in response to several accidents, Cessna offered pilots a program on operating the 208B aircraft in icing conditions, but the program included a chart (based on testing of the relationship between aircraft performance and use of the de-icing system) which was based on false and fabricated data; (3) Cessna re-published the chart in NTSB and other accident investigation publications where pilots and operators relied upon the data; and (4) some two years before the accident at issue in this case, Cessna discovered an error in the calibration specification for the stall warning system of the aircraft, but did not disclose that error to owners and pilots of affected aircraft. Plaintiffs' Consolidated Complaint At Law (Doc. #486) at 20-24. Viewing these allegations in a light most favorable to plaintiffs, a reasonable jury could find willful, wanton or malicious conduct under K.S.A. § 60-3702. See Patton v. TIC United Corp., 77 F.3d 1235, 1240-41 (10th Cir. 1996) (punitive damages awarded against corporate successor of manufacturer because after it learned of

accidents involving cultivator, it failed to provide post-sale warning to users of product); Brand v. Mazda Motor Corp., 978 F. Supp. 1382, 1393-94 (D. Kan. 1997) (punitive damages may be awarded where manufacturer acted with reckless indifference to consumer safety).  The Court therefore declines to dismiss plaintiffs' prayer of relief for punitive damages against Cessna.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Clarify And Reconsider The February 5, 2009 Order Sustaining Defendant Cessna Aircraft Company's Motion To Dismiss Plaintiffs' Fraud And Punitive Damages Claim (Doc. #757) filed February 20, 2009 be and hereby is **SUSTAINED in part.  In its Memorandum And Order (Doc. #740), the Court dismissed the Third Claim For Relief of Plaintiffs' Consolidated Complaint At Law (Doc. #486) filed June 24, 2008.  In particular, the Court dismissed that claim as an independent basis of relief.  Based on this ruling, the Court now construes the allegations in plaintiffs' Third Claim For Relief as a supplement to their prayer for relief under their First Claim (Products Liability) against Cessna.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion To Amend Their Consolidated Complaint (Doc. #759) filed February 20, 2009 be and hereby is **OVERRULED**.

Dated this 9th day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge