## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | **MDL No: 1721** |
| ) | |
| ) | **Case No: 05-md-1721-KHV** |
| (This Document Relates Only To <u>Mountain</u> ) | |
| <u>Bird, Inc. et al. v. Cessna Aircraft Co. et al.</u>, ) | |
| D. Kan. No. 06-cv-2365-KHV) ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

On December 6, 2004, the pilot and one passenger on a Cessna Model 208B airplane died when the plane crashed near Bellevue, Idaho. In the United States District Court for the District of Idaho, Spirit Air, Inc., the owner of the plane, and Mountain Bird, Inc., the operator of the plane, filed suit against Cessna Aircraft Company, Inc. and Goodrich Corporation. Later, the Judicial Panel on Multidistrict Litigation transferred the case to this Court as part of the multidistrict proceedings involving the Cessna 208 series aircraft. On December 17, 2008, as to the claims of Mountain Bird and Spirit Air, the Court sustained Cessna's motion for summary judgment and Goodrich's motion for judgment on the pleadings. <u>See</u> <u>Memorandum And Order</u> (Doc. #653). That same day, the Court entered judgment in favor of Cessna and Goodrich and dismissed the action on the merits. <u>See</u> <u>Judgment In A Civil Case</u> (Doc. #654 filed in D. Kan. 05-md-1721-KHV) and (Doc. #4 filed in D. Kan. No. 06-cv-2635-KHV). On March 26, 2009, under Rule 54(b), Fed. R. Civ. P., the Court found no just reason to delay the appeal of that decision until entry of final judgment on the claims between the other parties in this multidistrict litigation. The Court therefore certified the <u>Judgment</u> (Doc. #654) as a final judgment under Rule 54(b). This matter is now before the Court on <u>Cessna Aircraft Company's Motion For Attorneys' Fees And Request For Stay Of Ruling On Costs And Fees Pending Resolution Of Issues On Appeal</u> (Doc. # 747) filed February 13, 2009. For

reasons stated below, the Court overrules Cessna's motion for attorneys' fees and sustains its motion for stay of ruling on costs pending appeal.

### Factual Background

On December 5, 2000, Spirit Air, an Idaho corporation, purchased a Cessna Model 208B airplane directly from Cessna. Under the purchase agreement, Spirit Air paid $46,515.00 for the de-icing system option on the plane. Shortly after it purchased the plane, Spirit Air added additional de-icing equipment.

Spirit Air leased the plane to Mountain Bird doing business as Salmon Air. On December 6, 2004, the plane crashed near Bellevue, Idaho. The crash destroyed the plane and killed the pilot and one passenger. The flight had originated in Salt Lake City, Utah, destined for Salmon, Idaho with stops at Hailey, Idaho and Challis, Idaho.

Plaintiffs allege that ice accumulation was a factor in the crash because Cessna and Goodrich negligently designed and/or manufactured the de-icing system on the aircraft. Under theories of strict liability and negligence against both defendants, plaintiffs seek damages in the amount of $1,400,000.00, the value of the aircraft, costs, disbursements and attorneys' fees. See Plaintiffs' First Amended Complaint ¶¶ 16, 25, Attachment 2 to Conditional Transfer Order (Doc. #1 filed in D. Kan. Case No. 06-2365).

### Analysis

Under Idaho law, the prevailing party is entitled to attorney fees in a civil action to recover on a contract for services or "in any commercial transaction." BECO Constr. Co. v. J-U-B Eng'rs, Inc., 184 P.3d 844, 851 (Idaho 2008); Idaho Code § 12-120(3). Section 12-120(3) of the Idaho Code defines a "commercial transaction" as "all transactions except transactions for personal or household

purposes." Id. Section 12-120(3) does not prohibit a fee award for a commercial transaction that involves tortious conduct. See Blimka v. My Web Wholesaler, LLC, 152 P.3d 594, 599 (Idaho 2007). A fee award is proper if "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." Id.; Brower v. E.I. DuPont De Nemours & Co., 792 P.2d 345, 349 (Idaho 1990); see Esser Elec. v. Lost River Ballistics Techs., Inc., 188 P.3d 854, 863 (Idaho 2008). An award of attorney fees is not warranted where the commercial transaction is only remotely connected with the case. Brower, 792 P.2d at 349. The Idaho Supreme Court has noted as follows:

> [T]he test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12-120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover. To hold otherwise would be to convert the award of attorney's fees from an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filed.

Id.

Plaintiffs do not dispute that Spirit Air engaged in a "commercial transaction" when it purchased the Cessna Model 208B directly from Cessna. Even so, the commercial transaction between Spirit Air and Cessna is only tangential to plaintiffs' claims for strict liability and negligence. Those claims are based on the fact that Cessna manufactured and designed the aircraft, not the purchase transaction.[1] The purchase transaction does not constitute the "gravamen of the

---

[1]     In ruling on defendants' motions for judgment, the Court noted that "plaintiffs only seek damages for the value of the subject of the transaction with defendants, i.e. the airplane." Memorandum And Order (Doc. #653) at 6. Cessna argues that because plaintiffs seek only to recover the value of the plane, the commercial purchase transaction is "the actual basis for recovery" in this lawsuit. Even though plaintiffs seek *damages* for the value of the airplane which they purchased in the transaction with Cessna, their *claims* are not based on that transaction. Plaintiffs correctly note that they could pursue claims based on manufacturing and design defects whether they

(continued...)

lawsuit." Esser, 188 P.3d at 863; Brower, 792 P.2d at 349; see Sun Valley Hot Springs Ranch, Inc. v. Kelsey, 962 P.2d 1041, 1047 (Idaho 1998) (no recovery of fees on claims incidental to commercial transaction).  The Court therefore overrules Cessna's motion for attorney fees.[2]

Plaintiffs do not oppose Cessna's request to stay a ruling on its motion for costs pending a final decision on appeal.  The Court sustains Cessna's motion to that limited extent.

**IT IS THEREFORE ORDERED** that Cessna Aircraft Company's Motion For Attorneys' Fees And Request For Stay Of Ruling On Costs And Fees Pending Resolution Of Issues On Appeal (Doc. # 747) filed February 13, 2009 be and hereby is **SUSTAINED in part**.  The Court sustains Cessna's motion to stay ruling on the issue of costs until a final decision on appeal.  The Court overrules Cessna's motion for attorneys' fees.

Dated this 21st day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
purchased the plane from a manufacturer or a third party, or even won it in a lottery.  Plaintiffs' amended complaint does not allege any facts related to the purchase of the airplane from Cessna. Cessna itself characterized plaintiffs' claims as based on a manufacturing or design defect.  See Cessna Aircraft Company's Memorandum In Support Of Its Motion For Summary Judgment Against Plaintiffs Spirit Air, Inc. And Mountain Bird, Inc. (Doc. #549) filed August 15, 2008 at 2. The fact that plaintiffs originally purchased the plane from Cessna is not directly material to its strict liability and negligence claims.  See Mtn. W. Helicopters v. Textron, Inc., 13 Fed. Appx. 855, 855-56 (10th Cir. July 11, 2001) (applying economic loss rule to tort claims of helicopter owner, who purchased helicopter from third party, against engine manufacturer).

[2]     Plaintiffs also argue that Cessna's request for fees is untimely under Rule 54(b) of the Federal Rules of Civil Procedure.  Because Cessna is not entitled to attorney fees under Idaho law, the Court need not address the timeliness of Cessna's motion.