IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: CESSNA 208 SERIES AIRCRAFT )
PRODUCTS LIABILITY LITIGATION ) MDL No: 1721
)
) Case No: 05-md-1721-KHV
(This Document Relates To All Cases) )
)

**ORDER**

This matter involves several air disasters involving the Cessna Caravan 208B aircraft. Plaintiffs filed suit against Cessna Aircraft Company and Goodrich Corporation seeking damages for personal injuries and wrongful death. The Judicial Panel on Multidistrict Litigation later transferred the various actions to this Court for consolidated pretrial proceedings. This matter is before the Court on Goodrich's Motion *In Limine* To Preclude Expert Testimony Faulting Goodrich For The Allegedly Defective Design Of The Cessna Caravan 208B (Doc. #721) filed January 30, 2009. For reasons stated below, the Court overrules Goodrich's motion.

Goodrich argues that plaintiffs' expert disclosures do not adequately support their claim that Goodrich is liable for a design defect of the Cessna Caravan 208B. In their expert disclosures, William R. Twa, Jr., Douglas R. Herlihy and William J. Rieke address, at least implicitly, the performance of Goodrich de-icing boots on the Cessna Caravan 208B.[1] Goodrich concedes that Twa

---

[1] See Exhibit A to Plaintiffs' Response In Opposition To Defendant Goodrich's Motion In Limine To Preclude Expert Testimony Faulting Goodrich For The Defective Design Of The Cessna Caravan 208B (Doc. #755) filed February 20, 2009: Expert Report of William R. Twa, Jr. at 25 (Goodrich and Cessna did not demonstrate compliance with federal requirement because Goodrich impingement analysis did not establish necessary de-icing boot surface needed on leading edge surfaces); id. at 26 (Goodrich de-icing boots do not satisfactorily permit pilot to operate aircraft in continuous maximum and intermittent maximum icing conditions); Exhibit C to Plaintiffs' Response (Doc. #755): Expert Report of Douglas R. Herlihy at 9 (pneumatic de-icing boots significantly limited in removing ice effectively or completely in low-level icing environment); id. at 18 (aircraft does not satisfy federal requirement and not able to fly safely with accretions of ice
(continued...)

faults Goodrich based on the impingement analysis which it prepared for Cessna in designing the Cessna Caravan 208B and its de-icing components. See Memorandum In Support Of Motion *In Limine* To Preclude Expert Testimony Faulting Goodrich For The Allegedly Defective Design Of The Cessna Caravan 208B (Doc. #721-2) filed January 30, 2009 at 4. Goodrich maintains, however, that in his deposition Twa did not provide adequate support for his criticism of the impingement analysis. Goodrich essentially asks the Court to rule that Twa's expert report and testimony is insufficient to establish that Goodrich is liable for any design defect. Absent the procedural posture of a motion for summary judgment, the Court will not rule on this issue.[2] Goodrich has not presented a factual statement in compliance with Rule 56 of the Federal Rules of Civil Procedure and neither party has addressed the legal standard for design defects of manufacturers of component parts. Plaintiffs' evidence may ultimately be insufficient to establish that Goodrich is liable for a design defect, but absent a summary judgment motion, that determination is best left for the trier of fact. The Court therefore overrules Goodrich's motion in limine.[3]

**IT IS THEREFORE ORDERED** that Goodrich's Motion *In Limine* To Preclude Expert Testimony Faulting Goodrich For The Allegedly Defective Design Of The Cessna Caravan 208B

---

[1](...continued)
far less than federal parameters); Exhibit E to Plaintiffs' Response (Doc. #755): Expert Report of William J. Rieke at 2-3 (ice cannot be removed and even more ice accretes after boots activated, causing higher levels of drag and possibility of significant control problems).

[2] To the extent Goodrich challenges the adequacy of the disclosure in the expert reports, it should raise that issue at trial if and when plaintiffs attempt to introduce opinion evidence which is not reasonably encompassed by the expert witness disclosures. See Fed. R. Civ. P. 37(c)(1) (party that without substantial justification fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use at trial witness or information not so disclosed).

[3] Goodrich's present motion does not challenge the admissibility of the testimony of Twa, Herlihy or Rieke.

(Doc. #721) filed January 30, 2009 be and hereby is **OVERRULED**.

Dated this 5th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge