**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No: 1721 |
| ) | |
| ) | Case No: 05-md-1721-KHV |
| (This Document Relates Only To ) | |
| <u>Fry, et al. v. Cessna Aircraft Co. et al.</u>, ) | |
| D. Kan. No. 06-cv-2261-KHV ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On November 8, 2002, the pilot and co-pilot of a Cessna Model 208B airplane died with two passengers on board when the plane crashed approximately three miles south of Parks, Arizona. In the District Court of Tarrant County, Texas, the decedents' families filed suit against Cessna Aircraft Company, Inc., Goodrich Corporation, FlightSafety International, Inc. and Brown County Financial Services, L.L.C. ("BCFS"). Defendants removed the action to federal court and the Judicial Panel on Multidistrict Litigation transferred it to this Court. This matter is before the Court on <u>Defendant Cessna Aircraft Company's Motion For Partial Summary Judgment Against Plaintiff Brown County Financial Services, L.L.C.</u> (Doc. #718) filed January 30, 2009. For reasons stated below, the Court sustains defendant's motion in part.

**Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>accord</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Vitkus v. Beatrice Co.</u>, 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." <u>Liberty Lobby</u>, 477 U.S. at 248. A "genuine" factual dispute

requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which it carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

**Factual Background**

The following material facts are uncontroverted, deemed admitted or where controverted viewed in the light most favorable to the non-movant, BCFS.

On May 25, 2002, Esteem Aviation, L.L.C. purchased a Cessna Model 208B airplane directly from Cessna. Robert Fry, the manager of Esteem and part owner of BCFS, signed the purchase agreement. Esteem transferred ownership of the Cessna plane to BCFS, which owned and operated the aircraft.

On November 8, 2002, Wade Silvey (the pilot), Robert Fry (the co-pilot), James Randolph, Jr., and Bradford Galaway died in the crash of the aircraft near Parks, Arizona. The flight had originated in Las Vegas, Nevada, destined for Midland, Texas.

Plaintiffs allege that ice accumulation on the aircraft was a factor in the crash. BCFS asserts cross-claims against Cessna for breach of express warranties, negligence and fraud. BCFS seeks damages in the amount of $1,700,000.00, the value of the aircraft. See Pretrial Order (Doc. #768) filed February 25, 2009 at 104. BCFS does not seek damages for personal injuries or damage to property other than the aircraft itself. See id. Based on the Texas economic loss rule, Cessna seeks summary judgment on the claims of negligence and fraud asserted by BCFS.

## Analysis

**I.     Choice Of Law**

In a multidistrict litigation case, the Court applies the choice-of-law rules of the state where the action originated. Johnson v. Cont'l Airlines Corp., 964 F.2d 1059, 1063 (10th Cir. 1992); see Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). This case was originally filed in Texas. Texas courts apply the "most significant relationship" test to decide choice of law issues. See Torrington Co. v. Stutzman, 46 S.W.3d 829, 848 (Tex. 2001); Restatement (Second) of Conflict of Laws §§ 6, 145 (1971). Under that test, a court must consider which state's law has the most significant relationship to the "particular

-3-

substantive issue" to be resolved. Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 421 (Tex. 1984).

Here, BCFS is a limited liability company, registered in Texas and having its principal place of business in Texas. BCFS kept, maintained and operated the aircraft primarily in Texas. The accident flight occurred during a trip which originated in Texas. The aircraft crashed in Arizona. All decedents lived in Texas and their estates are pending in Texas. Cessna is a Kansas corporation and it manufactured the aircraft in Kansas. Despite Cessna's ties to Kansas and the accident location in Arizona, Texas appears to have the most significant relationship to the BCFS claims against Cessna. Based on these facts and absent any suggestion that the result of Cessna's motion would be different under the law of one of the other relevant states,[1] the Court applies Texas law.

## II. Economic Loss Doctrine

Cessna argues that BCFS tort claims are barred under the economic loss rule because BCFS seeks relief only for damage to the airplane itself. BCFS argues that the economic loss rule does not apply because (1) it has alleged fraud; and (2) as to its negligence claim, its losses resulted from an accident which included the deaths of its two principals and its only employee.

### A. Fraud Claim

The Texas Supreme Court has held that the economic loss rule does not bar claims of fraud. Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 43 (Tex. 1998) (plaintiff could assert fraudulent inducement claim even where damages consisted only of economic

---

[1] Texas and Kansas have both adopted the economic loss rule. Compare Am. Eagle Ins. Co. v. United Techs. Corp., 48 F.3d 142, 144 (5th Cir. 1995) and Koss Constr. v. Caterpillar, Inc., 25 Kan. App.2d 200, 207, 960 P.2d 255, 260 (1998) (commercial buyer of defective goods cannot sue in negligence or strict liability where only injury consists of damage to goods themselves) (citing E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986)).

losses related to performance and subject matter of contract). BCFS argues that in the pretrial order, in the statement of common claims for all plaintiffs, it has stated a fraud claim against Cessna. Cessna argues that BCFS cannot rely on the general statement because it did not assert fraud in the prior cross-claims which it filed in Texas state court.

The Court construes the Pretrial Order as asserting a fraud claim by BCFS against Cessna. The Pretrial Order provides as follows:

> Plaintiffs have not agreed to list factual contentions in the individual cases . . . . Plaintiffs believe that these individual case issues are outside the scope of these MDL proceedings, premature and should be addressed by each of the Transferor Courts after remand. . . . Plaintiffs will be able to list contentions in the individual actions after discovery is completed in each Transferor Court.

Pretrial Order (Doc. #768) at 6. The Court determined that plaintiffs' approach was permissible at this stage of the MDL litigation and approved a combined list of factual contentions by plaintiffs and Brown County which included allegations of fraud and fraudulent misrepresentation. See id. at 6-10; see also id. at 25 (legal theories in Silvey include fraud). Because the Pretrial Order supersedes all pleadings and controls the subsequent course of this case, see id. at 1, the Court liberally construes the pretrial order to assert a fraud claim by BCFS against Cessna.[2] See Fisherman Surgical Instruments, LLC v. Tri-anim Health Servs., Inc., 502 F. Supp.2d 1170, 1176 n. 2 (D. Kan. 2007) (arguments reasonably encompassed by pretrial order permitted); Theno v. Tonganoxie Unified Sch. Dist. No. 464, 394 F. Supp.2d 1299, 1303 (D. Kan. 2005) (pretrial order liberally construed to cover all legal or factual theories embraced by language or inherent in issues defined

---

[2] The Court acknowledges that the BCFS fraud claim, and the fraud claims of other plaintiffs, are not models of clarity. Even so, the Court permitted plaintiffs and BCFS to plead their claims in this manner at this stage of the proceedings. On an appropriate motion, the Court may revisit the issue whether to require plaintiffs to plead their claims with more specificity.

therein); Van Enters., Inc. v. Avemco Ins. Co., 231 F. Supp.2d 1071, 1081 (D. Kan. 2002) (pretrial order liberally construed to cover any legal or factual theories that might be embraced by its language); see also Fed. R. Civ. P. 8(f) (pleadings construed to do substantial justice). In the pretrial order, Cessna itself recognized such a claim and included a response to the underlying factual allegations of the fraud claim. See Pretrial Order (Doc. #768) filed February 25, 2009 at 17 ("Cessna did not make any false representations of fact to . . . BCFS . . . as regards the Aircraft or its safe operation, including specifically the Aircraft's capabilities to operate into known icing conditions."). Therefore the Court overrules Cessna's motion for summary judgment as to the BCFS fraud claim.[3]

### B.    Negligence Claim

Texas courts have adopted the economic loss rule, which prohibits the buyer of a defective product from recovering purely economic losses in a negligence action. See Am. Eagle, 48 F.3d at 144. BCFS argues that its negligence claim is permitted because the aircraft accident caused physical injury to its employees. As a limited liability company, BCFS cannot assert "physical injury" based on the deaths of its principals, managers and sole employee in the accident. See Cravens/Pocock Ins. Agency, Inc. v. John F. Beasley Constr. Co., Inc., 766 S.W.2d 309 (Tex. App. – Dallas 1989) (employer cannot recover in negligence for personal injury of employee by third

---

[3] In its reply brief, Cessna argues that BCFS has not pled fraud with particularity under Rule 9(b), Fed. R. Civ. P., and that the purported fraud claim is barred by the four-year statute of limitations under Texas law. Because Cessna raises these arguments for the first time in its reply brief, the Court declines to rule on the issues at this time. See Cont'l Coal, Inc. v. Cunningham, 511 F. Supp.2d 1065, 1077 (D. Kan. 2007); Mondaine v. Am. Drug Stores, Inc., 408 F. Supp.2d 1169, 1203 (D. Kan. 2006); see also Mike v. Dymon, Inc., No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) (in fairness, court generally summarily denies or excludes all arguments and issues first raised in reply briefs).

party; citing cases which deny recovery for executives and professionals whose loss cannot be avoided by hiring someone else); Ards v. Ritz Group, Inc., No. 05-cv-2515-M, 2006 WL 1627909, at *2 (N.D. Tex. June 7, 2006) (same).

In the alternative, BCFS maintains that it need not allege physical injury because the accident caused physical injury and property damage to others. BCFS cites no Texas case which permits a claimant to recover in negligence for purely economic loss based on physical injury or property damage to third parties. Indeed, Texas courts have specifically rejected such a theory. See Int'l Harvester Co. v. Zavala, 623 S.W.2d 699 (Tex. App. - Houston 1981) (despite physical injuries to others in product accident, party could not recover from manufacturer for mere economic loss); see also Lubbock Mfg. Co. v. Sames, 598 S.W.2d 234, 237 (Tex. 1980) (legal right of plaintiff not violated absent physical harm to *his* person or property); Signal Oil & Gas Co. v. Universal Oil Prods., 572 S.W.2d 320, 325 (Tex. 1978) (manufacturer liable for physical harm caused to ultimate user or consumer or to *his* property) (citing Restatement (Second) of Torts Section 402A); see also Murray v. Ford Motor Co., 97 S.W.3d 888, 893 (Tex. App. – Dallas 2003) (damage to "other property" does not change rule that party cannot recover in tort for economic loss caused by damage to product itself); Am. Eagle, 48 F.3d at 145 (no strict liability claim because claimant owned no property other than aircraft damaged in crash; damage property which belongs to third party insufficient to permit recovery). Because the economic loss rule bars the BCFS negligence claim, the Court sustains Cessna's motion for summary judgment on that claim.

C.   Other Tort Claims

Based on the economic loss rule, Cessna also seeks summary judgment on the claims for contribution and indemnity, attorney's fees and damages for hull loss of aircraft which BCFS

asserted in cross-claims in state court. The Pretrial Order in this Court does not include these claims, see Pretrial Order (Doc. #768) at 25, and neither party has addressed the relationship (if any) between these cross-claims or damages to the remaining claims of fraud and breach of express warranties. Because the requests for contribution, indemnity, attorney's fees and damages for hull loss of aircraft are not included in the Pretrial Order, the Court overrules Cessna's motion as moot as to these claims.

**IT IS THEREFORE ORDERED** that Defendant Cessna Aircraft Company's Motion For Partial Summary Judgment Against Plaintiff Brown County Financial Services, L.L.C. (Doc. #718) filed January 30, 2009 be and hereby is **SUSTAINED in part**. The Court sustains Cessna's motion as to the negligence claim of Brown County Financial Services, L.L.C. The Court otherwise overrules Cessna's motion.

Dated this 5th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge