IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No: 1721 |
| ) | |
| ) | Case No: 05-md-1721-KHV |
| (This Document Relates To All Cases) ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter concerns several air disasters involving the Cessna 208 Series aircraft. Plaintiffs filed suit against Cessna Aircraft Company and Goodrich Corporation seeking damages for personal injuries and wrongful death. The Judicial Panel on Multidistrict Litigation ("MDL Panel") later transferred the various actions to this Court for consolidated pretrial proceedings. This matter is before the Court on Plaintiffs' Motion *In Limine* To Exclude "Common Issue" Experts Nelson, Barnett, Holmes, Selig And McFall (Doc. #733) filed January 30, 2009. For reasons stated below, the Court overrules plaintiffs' motion.

Plaintiffs argue that the Court should exclude opinion testimony of Dr. Wayne B. Nelson, Dr. Arnold Barnett, Edward Holmes, Dr. Michael Selig and Tommy McFall because these experts offer irrelevant testimony which attacks the credibility and weight of plaintiffs' expert testimony. Plaintiffs' Motion *In Limine* To Exclude "Common Issue" Experts Nelson, Barnett, Holmes, Selig And McFall (Doc. #733) filed January 30, 2009 at 1. In response, Cessna notes that it has offered the five individuals as rebuttal experts. The Discovery Order in this case specifically required Cessna to designate common issue experts who would offer testimony "in response to plaintiffs' experts." Stipulated Order On Disclosure And Discovery Of Expert Witnesses In The MDL Proceedings (Doc. #243).

In general, expert opinions which assess or critique another expert's substantive testimony are relevant, but opinions which attack an expert's credibility (e.g., testimony that an expert is lying) are not. John McClelland & Assocs., Inc. v. Med. Action Indus., Inc., No. 04-2435-CM, 2007 WL 1201478, at *4 (D. Kan. Apr. 23, 2007); see Jewell v. Life Ins. Co. of N. Am., 508 F.3d 1303, 1312 (10th Cir. 2007). The expert reports of Cessna's experts primarily critique the methodology and scientific principles which plaintiffs' experts use to arrive at their conclusions. Such evidence, which attacks the opposing expert's substantive testimony, is proper rebuttal. See McClelland, 2007 WL 1201478, at *4.

Plaintiffs apparently contend that only the Court determines the reliability of expert opinion. The substantive reliability question is as much for the jury, however, in the context of courtroom adversary testing, as it is for the court, in the context of a Daubert hearing. United States v. Mitchell, 365 F.3d 215, 247 (3d Cir. 2004). Numerous courts have permitted experts to testify at trial about the reliability of the opinions of opposing experts. See Mitchell, 365 F.3d at 247 (error to exclude testimony of qualified opposing expert provided testimony meets criteria for admission under Rule 702); United States v. Velasquez, 64 F.3d 844, 852 (3d Cir. 1995) (error to exclude expert testimony that called into doubt reliability and credibility of opposing expert's testimony); Benedict v. United States, 822 F.2d 1426, 1429 (6th Cir. 1987) (expert testimony which directly disproves accuracy of opposing expert methodology and data is proper rebuttal); Manchak v. N-Viro Energy Sys., Ltd., 876 F. Supp. 1123, 1133 (C.D. Cal. 1994) (rebuttal expert testimony admitted to challenge validity of test relied on by opposing expert). Contrary to plaintiffs' suggestion, a rebuttal expert who critiques another expert's theories or conclusions need not offer his own independent

theories or conclusions (though of course his testimony may be more persuasive if he does so).[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion *In Limine* To Exclude "Common Issue" Experts Nelson, Barnett, Holmes, Selig And McFall (Doc. #733) filed January 30, 2009 be and hereby is **OVERRULED**.

Dated this 9th day of June, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Some of the rhetoric in Cessna's expert reports, such as statements that an expert's investigation is "biased and misleading" and the expert conclusions are "meaningless," may be ultimately inappropriate at a jury trial. The substance of their criticism is admissible, however, at trial. Likewise, a portion of the defense expert reports attack the qualifications of plaintiff's experts, which is primarily relevant to the Court's pre-trial determination under Daubert and may not ultimately be admissible at trial.

-3-