# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No: 1721 |
| ) | |
| (This Document Relates Only To ) | Case No: 05-md-1721-KHV |
| <u>Fry et al. v. Cessna Aircraft Co. et al.</u>, ) | |
| D. Kan. No. 06-2261) ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 8, 2002, the pilot and co-pilot of a Cessna Model 208B airplane died with two passengers on board when the plane crashed approximately three miles south of Parks, Arizona. In the District Court of Tarrant County, Texas, the decedents' families filed suit against Cessna Aircraft Company, Inc., Goodrich Corporation, FlightSafety International, Inc. and Brown County Financial Services, L.L.C. ("BCFS"). Defendants removed the action to federal court and the Judicial Panel on Multidistrict Litigation transferred it to this Court. This matter is before the Court on <u>Defendant Cessna Aircraft Company's Motion To Dismiss For Failure To Plead Fraud With Particularity Or, In The Alternative, For A More Definite Statement</u> (Doc. #883) filed June 15, 2009. Cessna seeks to dismiss the BCFS fraud claim under Rule 9(b), Fed. R. Civ. P., for failure to plead with sufficient particularity. For reasons stated below, the Court sustains Cessna's motion but grants BCFS leave to amend.

## Factual Background

The complaint is summarized as follows:

On May 25, 2002, Esteem Aviation, L.L.C. purchased a Cessna Model 208B airplane directly from Cessna. Robert Fry, the manager of Esteem and part owner of BCFS, signed the purchase agreement. Esteem transferred ownership of the Cessna plane to BCFS, which owned and operated the aircraft.

On November 8, 2002, Wade Silvey (the pilot), Robert Fry (the co-pilot), James Randolph, Jr., and Bradford Galaway died in the crash of the aircraft near Parks, Arizona. The flight had originated in Las Vegas, Nevada, destined for Midland, Texas.

Plaintiffs allege that ice accumulation on the aircraft was a factor in the crash. BCFS asserts cross-claims against Cessna for breach of express warranties, negligence and fraud. BCFS seeks damages in the amount of $1,700,000.00, the value of the aircraft. See Pretrial Order (Doc. #768) filed February 25, 2009 at 104. BCFS alleges that Cessna fraudulently misrepresented and withheld safety information relating to the Cessna 208B model aircraft. Cessna seeks to dismiss the fraud claim because it is not pled with sufficient particularity under Rule 9(b), Fed. R. Civ. P. In the alternative, Cessna seeks a more definite statement.

## Legal Standards

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See N.L. Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986). The Court must read Rule 9(b) in harmony with the simplified notice pleading provisions of Rule 8. See Cayman Explor. Corp. v. United Gas Pipe Line, 873 F.2d 1357, 1362 (10th Cir. 1989). To plead a fraud claim, plaintiff must describe the circumstances of the fraud, i.e. the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation. Ramada Franchise Sys., Inc. v. Tresprop, Ltd., 188 F.R.D. 610, 612 (D. Kan. 1999). Stated differently,

Rule 9(b) requires plaintiff to set forth the who, what, where, when and how of the alleged fraud. See VNA Plus v. Apria Healthcare Group, Inc., 29 F. Supp.2d 1253, 1258 (D. Kan. 1998); Nal II, Ltd. v. Tonkin, 705 F. Supp. 522, 525-26 (D. Kan. 1989). These requirements may be somewhat relaxed where numerous representations are involved or where the responding party clearly is provided notice of the circumstances of the alleged fraud. See VNA Plus, 29 F. Supp.2d at 1263. Here, BCFS has not shown why the more relaxed standard should apply.

## **Analysis**

BCFS alleges that Cessna fraudulently misrepresented and withheld safety information relating to the Cessna 208B model aircraft. Cessna argues that the fraud allegation should be dismissed under Rule 9(b), Fed. R. Civ. P., for lack of particularity. Cessna contends that BCFS has not identified the alleged representations, the individuals who made the alleged representations or the time and place of the representations, and that BCFS has not specifically alleged how it relied on any representation.

The pretrial order sets forth the following contentions which relate in part to the BCFS fraud claim:

> i. The Cessna 208B aircraft, its various components and manuals are dangerous and defective when used for their intended purpose in known icing conditions.  * * *
>
> iii. The defendants Cessna Aircraft Company and Goodrich Corporation were negligent in the design, redesign, diagnosing, testing, certification, manufacture and technical support of the Cessna 208B aircraft and its pneumatic deicing system respectively.
>
> iv. The defendants Cessna Aircraft Company and Goodrich Corporation failed to disclose, misrepresented, withheld and/or otherwise concealed known defects and safety issues relating to the Cessna 208B aircraft.
>
> v. Cessna misrepresented, withheld and/or otherwise concealed material facts concerning the condition, qualities and characteristics of the 208B model aircraft, and

Cessna concealed vital information from plaintiffs and the public at large that would have revealed the dangerous susceptibility of the 208B aircraft to loss and [sic] control after encountering icing conditions. Cessna made such misrepresentations with the intent that owners and operators of the 208B would rely upon them and those owners and operators did rely upon them, which caused plaintiffs' injuries and/or damages. Such conduct constitutes common-law fraud, fraudulent misrepresentation and/or negligent misrepresentation which caused plaintiffs' damages.

vi. Defendant Cessna Aircraft Company's conduct from 1984 to the present constituted fraud. * * *

x. The Aircraft Flight Manual, Pilot Operating Handbook, other instruction manuals and documents published by defendant Cessna Aircraft Company are dangerous and defective for their intended purpose and negligently failed to disclose the risks of operating the Cessna 208B aircraft in icing conditions.

xi. The certification of the Cessna 208B aircraft pursuant to Federal Aviation Regulations and by virtue of Delegated Option Authorization was fraudulently obtained, involved misrepresentations of fact and law and violated Federal Aviation Regulations.

xii. The Cessna 208B aircraft is not airworthy by virtue of violations of Federal Aviation Regulations, violation of its own certification basis and the failure of the defendant Cessna Aircraft Company to disclose serious safety defects in the aircraft.

xiii. As a designer, manufacturer, marketer, supplier and/or seller of the aircraft, Cessna owed a duty of reasonable care to users of the aircraft and other persons whom Cessna should have known to be in danger by the aircraft's probable use. The defects and unusually dangerous condition of the aircraft were a producing cause of the damages sustained by all the plaintiffs for which Cessna is strictly liable. Cessna designed, manufactured, supplied and or sold the Cessna 208B model aircraft, including without limitation its various components and manuals, in a condition and for uses that were contrary to the condition in which the aircraft was advertised, marketed and sold and for which the aircraft was suitable for use. Cessna breached express and implied warranties to plaintiffs and such breaches were a producing cause of the injuries to all of the plaintiffs which Cessna is liable.

xiv. The defendant Cessna Aircraft Company is liable for negligence per se for the knowing and deliberate violation of Federal Aviation Regulations. * * *

xix. The conduct of the defendants as set forth above was a probable cause of the accidents which resulted in the death and injury claims brought by the plaintiffs.

xx. The conduct of defendants caused each of the plaintiffs and plaintiffs' decedents

>to suffer compensatory and non-compensatory damages which have been pled individually.

Pretrial Order (Doc. #889) ¶ 5.

From these allegations, BCFS apparently relies on both fraudulent representations and omissions. As to the fraudulent misrepresentations, BCFS has not set forth the content of the false representations. Plaintiff's reliance on general allegations that Cessna misrepresented "known defects and safety issues" and made "misrepresentations of fact and law" are too general to satisfy Rule 9(b). Likewise, as to any fraudulent omission claim, BCFS has not described the specific information which Cessna allegedly withheld. Again, plaintiff's general references to omission of "known defects and safety issues" and "material facts concerning the condition, qualities and characteristics of the 208B model aircraft" are too vague to satisfy Rule 9(b).[1] In addition, BCFS has not set forth facts which establish that it relied on any representations of Cessna.[2] See In re

---

[1] Several courts have held that the particularity requirements of Rule 9(b) cannot be strictly applied in concealment cases because an omission often cannot be described in terms of the time, place and contents of the misrepresentation or the identity of the person making the misrepresentation. See Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc., 190 F. Supp.2d 785, 799 (D. Md. 2002); Bonfield v. AAMCO Transmissions, Inc., 708 F. Supp. 867, 875 (N.D. Ill. 1989) (superseded by statute on other grounds); Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 552 (D. Md. 1997). The Court agrees that Rule 9(b) cannot be rigidly applied to the alleged omissions in this case. Even so, the allegations of fraudulent omissions here do not satisfy the particularity requirements of Rule 9(b).

[2] As explained in a prior order, the Court rejects any type of "fraud-on-the-market" presumption of reliance based on Cessna's public dissemination of misleading information. See In re Cessna 208 Series Aircraft Prods. Liability Litig., 2009 WL 274509, at *6 (D. Kan. Feb. 5, 2009) (because plaintiffs have not alleged that they knew of Cessna's representations to FAA or to pilots, they cannot establish that they received information or that they detrimentally relied on it); see also Basic v. Levinson, 485 U.S. 224, 241-42 (1988) (because stock price in efficient market reflects all publicly available information, misleading statements will defraud purchasers of stock even if purchasers do not directly rely on misstatements); McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 223 (2d Cir. 2008) (Basic presumption, or district court's variation of it, does not apply because
(continued...)

Cessna 208 Series Aircraft Prods. Liability Litig., 2006 WL 3858465, at *4 (D. Kan. Dec. 22, 2006) (overruling motion to amend to add fraud claim because plaintiffs did not allege facts which establish what acts plaintiffs or their decedents took in reliance on Cessna's allegedly false statements; proposed complaints devoid of allegations showing that plaintiffs or their decedents even had knowledge of alleged misrepresentations).[3]

BCFS has characterized its fraud claim as Cessna's failure over some 25 years to disclose the risks of operating the Cessna 208B aircraft in icing conditions, see Plaintiff Brown County Financial Services, L.L.C.'s Response To Defendant Cessna Aircraft Company's Memorandum In Support Of Motion To Dismiss For Failure To Plead Fraud With Particularity Or, In The Alternative For A More Definite Statement (Doc. #889) filed July 8, 2009 at 9, but it has not identified specific allegations in the pretrial order which support such a claim. The conclusory allegation that Cessna's "conduct from 1984 to the present constituted fraud," Pretrial Order (Doc. #889) ¶ 5 xi, is insufficient to alert Cessna as to the specific representations and omissions which BCFS asserts are fraudulent.

Finally, BCFS must allege the time and place of the alleged statements and identity of the speaker. Plaintiff's general references to defendants and Cessna are insufficient to identify the

---

[2](...continued)
court cannot assume that individual smokers were aware of defendants' misrepresentation or that market at large internalized misrepresentation to such extent that all plaintiffs could be said to have relied on it), called into doubt on other grounds by Bridge v. Phoenix Bond & Indemnity Co., 128 S. Ct. 2131, 2139, 2145 (2008) (in RICO claim predicated on mail fraud, plaintiff need not demonstrate reliance). To the extent that BCFS asserts a fraudulent concealment or fraud by silence claim, BCFS has not alleged that it justifiably relied on Cessna to communicate the information to it.

[3]     Judge Waxse granted plaintiffs leave to amend to add a fraud claim because they alleged that the pilots relied on the information which Cessna reported. See In re Cessna 208 Series Aircraft Prods. Liability Litig., 2007 WL 1035153, at *2-3 (D. Kan. Apr. 3, 2007).

speaker of the alleged statements. See Gottstein v. Nat'l Ass'n for Self Employed, 53 F. Supp.2d 1212, 1218 (D. Kan. 1999) (in context of corporate defendants, plaintiffs must identify specific individuals who made alleged misrepresentations); Kriendler v. Chem. Waste Mgmt., Inc., 877 F. Supp. 1140, 1155 (N.D. Ill. 1995) (corporate entity speaks through agents; Rule 9(b) requires plaintiff to identify those agents); W. Gas Processors, Ltd. v. Enron Gas Processing Co., No. 87-A-1472, 1988 WL 73307, at *4-5 (D. Colo. July 7, 1988). If BCFS cannot identify the individuals by name, it must use alternative means to more precisely identify the speaker.[4] See 2 Moore's Federal Practice § 9.03[1][b] at 9-18 (3d ed.).

To the extent the fraud claim stated in the pretrial order is insufficient under Rule 9(b), BCFS seeks leave to amend. Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. See Lange v. Cigna Individual Fin. Servs. Co., 759 F. Supp. 764, 769 (D. Kan. 1991). Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party. See Sithon Maritime Co. v. Holiday Mansion, 177 F.R.D. 504, 508 (D. Kan. 1998) (citing LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1474 (10th Cir. 1983)).

---

[4] For example, BCFS might allege the individual's employer, job title and location in which he or she made the statement.

Cessna has not opposed plaintiff's request to amend and it will not suffer any undue prejudice if BCFS is allowed to file an amended fraud claim. The Court therefore grants BCFS leave to amend the factual allegations of the pretrial order to cure the deficiencies identified above.

**IT IS THEREFORE ORDERED** that <u>Defendant Cessna Aircraft Company's Motion To Dismiss For Failure To Plead Fraud With Particularity Or, In The Alternative, For A More Definite Statement</u> (Doc. #883) filed June 15, 2009 be and hereby is **SUSTAINED**. The fraud claim of BCFS alleged in the factual contentions of the pretrial order is dismissed without prejudice. On or before **September 15, 2009**, BCFS may file an amended statement of factual contentions to cure the deficiencies identified in this order.

Dated this 1st day of September, 2009 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

-8-