IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 1721 |
| (This Document Relates Only to *Fry, et al., v. Cessna Aircraft Company, et al.,* No. 06-CV-2261) | ) ) ) | Case No. 05-md-1721-KHV |

## SUMMARY ORDER IN PREPARATION FOR REMAND

In preparation for the expected remand of *Fry, et al., v. Cessna Aircraft Company, et al.*, Case No. 05-CV-2531, the Court enters this Order to summarize the proceedings in the MDL with regard to this case.

**I.    Case Summary**

The *Fry* case was originally filed on May 28, 2003, in the 67th Judicial District Court of Tarrant County, Texas. The plaintiffs were Martha Fry, individually and as executrix of the estate of Robert Delwin Fry, deceased, and as next friend of MMF, a minor, MMF, a minor and MMF, a minor, Harry S. Fry (collectively, the "Fry plaintiffs"), Eddie Lee Galaway, individually and as administrator of the estate of Bradford Wayne Galaway, deceased, and Lou Ann Galaway (collectively, the "Galaway plaintiffs"). The defendants were Cessna Aircraft Company ("Cessna"), Goodrich Corporation ("Goodrich"), FlightSafety International, Inc. ("FlightSafety") and Brown County Financial Services, L.L.C. ("Brown County"). On June 11, 2003, Jean Randolph, individually and as executrix of the estate of James Randolph, deceased, and as next friend of JAR, a minor, CFR, a minor, MJR, a minor, GMR, a minor, CAR, a minor, CJR, a minor and HER, a minor ("the Randolph plaintiffs") filed an Original Petition and Intervention and joined the case as additional plaintiffs. On June 23, 2003, Amy Silvey, individually and as temporary administratrix of the estate of Wade Silvey, deceased, and as next friend of WAS, a

minor, BS, a minor and BS, a minor, and Carolyn Sue Williams ("the Silvey plaintiffs") filed an Original Petition in Intervention and joined the case as additional plaintiffs. On June 30, 2003, defendant Brown County filed a cross-claim against Cessna and Goodrich.

Cessna removed the case to the United States District Court for the Northern District of Texas on February 27, 2006, after the Randolph plaintiffs filed their Fourth Amended Original Petition in Intervention in which plaintiffs claimed that their injuries were caused by wrongful acts of Cessna as designee of the FAA Administrator.

This case arises from the November 8, 2002, crash of a Cessna 208B Caravan aircraft, operated by Brown County, approximately three miles south of Parks, Arizona. Robert Fry was occupying the left pilot seat; Wade Silvey was in the right seat. Also on board were Fry's partner and co-owner of the aircraft, James Randolph, and a business associate, Brad Galaway. All four men were killed in the crash.

The Fry plaintiffs, the Galaway plaintiffs and the Randolph plaintiffs have settled with defendants and their claims have been dismissed. The Silvey plaintiffs have settled with defendants Brown County and FlightSafety and dismissed their claims against those defendants. Only the claims of the Silvey plaintiffs against Cessna and Goodrich, and Brown County's cross claim against Cessna remain in the case. Brown County believes its remaining claims against Cessna are for breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, and negligent misrepresentation. Cessna believes that Brown County's only remaining claim is for breach of express warranty. Additionally, Brown County intends to seek leave to amend to assert a claim for attorney's fees.

II.     **Alternative Dispute Resolution**

The parties mediated this case on September 7-9, 2005, in Fort Worth, Texas, with

Robert Thornton as the mediator. The claims of the Fry plaintiffs, the Galaway plaintiffs and the Randolph plaintiffs were later settled and dismissed. In addition, the claims of the Silvey plaintiffs against Brown County and FlightSafety were settled and dismissed.

An additional mediation conference over the remaining claims was held in Fort Worth, Texas, on February 9, 2010, with David Seidler as the mediator. The parties exchanged demands and offers, but the case did not settle.

### III. Discovery

#### A. Framework for discovery in MDL and after remand

The Court has entered the following orders regarding discovery (Pretrial Order on MDL Issues (Doc. 768)[1] at 111, ¶ 19.b.):

1. All discovery on individual case issues may continue until remand and after remand until the court on remand determines that it should be concluded.

2. Discovery taken in the MDL, including written discovery and depositions, may be used by any party to any case which has been or is in the future transferred to the MDL.

3. No party in any case currently pending in the MDL or which is transferred to the MDL in the future shall repeat written discovery or depositions which have already been done in the MDL. Parties in cases currently pending in the MDL or which are transferred to the MDL in the future may propound written discovery or take additional depositions of the same witnesses, limited to new matters only.

4. The MDL Plaintiffs may use the depositions taken of Cessna employees in *Cox v. Cessna Aircraft Co.*, Case No. CV-04-525019 (Court of Common Pleas, Cuyahoga County, Ohio); *O'Neill v. Cessna Aircraft Co.*, Case No. CV-03-974 (Circuit Court of Jefferson

---

[1] All docket numbers used in this Order refer to the MDL Docket, D. Kan. 05-1721.

3

County, Alabama) and *Fry v. Cessna Aircraft Co.*, Case No. 67-199130-03 (District Court, Tarrant County, Texas) (collectively, the "Designated Cases") as if taken in the MDL.

      5.    Plaintiffs will not be permitted to re-depose those Cessna employees already deposed in the Designated Cases, except on matters which have arisen since the dates of their depositions in the Designated Cases.

      6.    The parties have not waived any objections to any questions asked at the depositions in the Designated Cases, whether as to form or otherwise, and the parties may raise any objections to the admissibility of the testimony in the depositions at the trials of the MDL actions.

      7.    Nothing in paragraphs 4 through 7 of this section limits the parties' ability to call witnesses at trial whether or not a witness was previously deposed.

    **B.**    **Additional stipulations regarding discovery**

      1.    Plaintiffs and Goodrich stipulate that the written discovery on Goodrich from and the depositions of Goodrich employees taken in the Designated Cases may be used by the plaintiffs in the MDL cases.

      2.    Plaintiffs and Goodrich stipulate that plaintiffs will not be permitted to re-depose those Goodrich employees already deposed in the Designated Cases, except on matters which have arisen since the dates of their depositions in the Designated Cases.

      3.    The parties have not waived any objections to any questions asked at the depositions in the Designated Cases, whether as to form or otherwise, and the parties may raise any objections to the admissibility of the testimony in the depositions at the trials of the MDL actions.

DB03/761456.0066/9391205.1 PF06

4. Nothing in paragraphs 1 through 4 of this section limits the parties' ability to call witnesses at trial whether or not a witness was previously deposed.

C. **Status of common issue discovery**

Plaintiffs have taken 24 common issue depositions.[2] Cessna has taken nine common issue depositions.[3] Cessna has responded to eight sets of requests for production of documents on common issues and one set of common issue interrogatories from plaintiffs. Plaintiffs have propounded no common issue written discovery on Goodrich. Defendants have propounded no common issue written discovery on plaintiffs.

D. **Status of discovery specific to *Fry***

While this case was pending in state court, plaintiffs propounded and Cessna answered 34 requests for production, seven sets of interrogatories, one set of requests for admissions, and three requests for disclosure.

Defendants Cessna, Goodrich and Flight Safety International propounded and plaintiff Silvey responded to eight requests for production, two sets of interrogatories, and three requests for disclosure. Brown County responded to eight requests for production, two sets of interrogatories, and two requests for disclosure from defendants.

---

[2] Gerald Baker (FAA), Arnold Barnett (Cessna expert), Michael Bragg (Cessna expert), David Brant (Cessna), Robert Busto (FAA), Michael Gallagher (Cessna expert), Joel Glunt (Cessna), Phil Hedrick (Cessna), Ed Holmes (Cessna expert), Jim Hoppins (Cessna), Tom Jordan (Cessna expert), David Kohlman (Goodrich expert), Chad Martin (Cessna), Michael McClary (Cessna), Tommy McFall (Cessna expert), Steven McNew (formerly Cessna), Wayne Nelson (Cessna expert), Bob Rice (Cessna), Brian Richardet (Cessna), Gregory Rincker (Cessna), Michael Selig (Cessna expert), Larry Timmons (Cessna expert), Larry VanDyke (Cessna), Russ Williams (Cessna).

[3] Douglas Herlihy (plaintiffs' expert), Peter Hildebrand (plaintiffs' expert), Robert Mauro (plaintiffs' expert), William Rieke (plaintiffs' expert), Ronald Stearman (plaintiffs' expert), Alan Strudler (plaintiffs' expert), William Twa (plaintiffs' expert), Max Vermij (plaintiffs' expert), William Waldock (plaintiffs' expert).

5

Defendant Goodrich responded to eight requests for production, three sets of interrogatories, and three requests for disclosure.

In the MDL, the Silvey plaintiffs served responses to FlightSafety's second request for the production of documents.

Case-specific discovery that will need to be conducted after remand includes: disclosure and depositions of all case specific experts; damage depositions of plaintiffs Amy Silvey and Carol Williams; and the deposition of the representative of Brown County.

### E. Orders and stipulations regarding discovery

1. Discovery order regarding scope of discovery and expert disclosures in MDL, 4/24/07 (Doc. 208)

2. Stipulated order as to use of depositions from other cases, 1/23/07 (Doc. 146)

## IV. Expert Disclosures and Discovery

### A. Framework for expert disclosures and discovery

The Court has entered the following orders regarding expert disclosures and discovery (Pretrial Order on MDL Issues (Doc. 768) at 111, ¶ 19.b.):

1. Expert disclosures made in the MDL on "common MDL issue" expert witnesses shall be binding in all cases currently pending in the MDL and in cases which are transferred to the MDL in the future.

2. "Common MDL issue" expert witnesses are those who are reasonably expected to offer testimony or opinions on the following: (a) design, testing, certification,

6

manufacture, or operation of the Cessna Caravan 208 series aircraft or its components,[4] (b) aircraft performance during icing conditions, (c) corporate risk management, (d) corporate organization, (e) response to product claim issues, and (f) statistical and trend analysis on aircraft accident data.

    3. The current or former employees of a defendant corporation shall not be considered defendants' "common issue" experts and are therefore excluded from disclosure and discovery as expert witnesses in the MDL. However, defendant's employees, if called in an individual case to offer expert opinions, must be disclosed and identified as expert witnesses in individual cases after remand as any other expert witness would be.

    4. Expert witnesses expected to offer opinions or testimony on issues unique to each individual accident and not listed in paragraph 2 above shall be disclosed and made available for discovery after the cases have been remanded from the MDL to the transferor districts. Such "case specific" experts will include those offering testimony or opinions on pilot performance; accident reconstruction; weather; accident aircraft maintenance; system performance, including engine and deicing system performance; accident investigation; crew resource management; human factors; economics and accounting (damages); medicine; and psychology.

    5. Motions to exclude testimony of expert witnesses, evidentiary and other individual motions may also be filed in the individual cases in the transferor courts following remand.

---

[4] For example, all experts retained by plaintiffs to offer testimony or opinions on aircraft certification; the Delegation Option Authorization system; aircraft aerodynamics; aircraft design; warnings, including format, location and content of placards and information contained in the aircraft Pilot's Operating Handbook/Airmen's Flight Manual; flight testing, anti-ice and de-icing system design, testing, and performance; and flight into known icing (FIKI) certification.

### B. Common issue expert disclosures

Plaintiffs disclosed the following common issue expert witnesses (Plaintiffs' Federal Rule of Civil Procedure Rule 26(a)(2) Expert Disclosure, 4/14/08 (Doc. 402)):

1. Douglas R. Herlihy
2. Peter Hildebrand, Ph.D. (excluded by Doc. 910)
3. Robert Mauro, Ph.D.
4. William Rieke (certain opinions excluded or limited by Doc. 927)
5. Ronald Stearman, Ph.D. (certain opinions excluded by Doc. 927)
6. Alan Strudler, Ph.D. (excluded by Doc. 866)
7. William R. Twa, Jr. (certain opinions excluded or limited by Doc. 927)
8. Max Vermij (withdrawn by Doc. 709)
9. William Waldock (certain opinions limited by Doc. 916; issues of relevance, helpfulness and admissibility of other accidents deferred to transferor courts)

Defendant Cessna disclosed the following common issue expert witnesses (Cessna's Notice of Service of Common Issue Expert Reports, 7/31/08 (Doc. 534); Cessna's Notice of Service of Common Issue Expert Disclosures, 8/29/08 (Doc. 564)):

1. Arnold Barnett, Ph.D.
2. Michael B. Bragg, Ph.D.
3. Michael Gallagher
4. Edward W. Holmes
5. Thomas E. Jordan
6. Tommy McFall
7. Wayne B. Nelson, Ph.D.

8

8. Michael S. Selig, Ph.D.

9. Larry J. Timmons

Defendant Goodrich disclosed the following common issue expert witness (Goodrich Corporation's Notice of Service of Common MDL Issues Expert Report (Doc. 563)):

1. David L. Kohlman, Ph.D.

**C. Orders regarding expert disclosure and discovery**

1. Discovery order regarding scope of discovery and expert disclosures in MDL, 4/24/07 (Doc. 208)

2. Stipulated order as to disclosure and discovery of expert witnesses, 6/12/07 (Doc. 243)

3. Order sustaining plaintiffs' motion to withdraw Max Vermij as expert witness, 1/27/09 (Doc. 709)

4. Order overruling plaintiffs' motion to exclude expert testimony of Edward Holmes, 4/30/09 (Doc. 860)

5. Order overruling Goodrich's motion to preclude expert testimony faulting Goodrich for the allegedly defective design of the Caravan 208B, 5/5/09 (Doc. 861)

6. Order sustaining Cessna's motion to exclude expert testimony of Alan Strudler, 5/12/09 (Doc. 866)

7. Order overruling plaintiffs' motion to exclude expert testimony of Nelson, Barnett, Holmes, Selig and McFall, 6/9/09 (Doc. 878)

8. Order sustaining Cessna's motion to exclude expert testimony of Peter Hildebrand, 9/9/09 (Doc. 910) and order denying reconsideration, 11/4/09 (Doc. 924)

9. Order overruling Cessna's motion to exclude expert testimony of William D. Waldock, 9/30/09 (Doc. 916)

10. Order overruling Cessna's motion to exclude expert testimony of Douglas R. Herlihy and sustaining in part and overruling in part motions to exclude expert testimony of William R. Twa, Jr., William J. Rieke and Ronald O. Stearman, 11/9/09 (Doc. 927)

**D. Deadlines regarding expert disclosures and discovery**

The following deadlines were established in the MDL and have passed:

1. Plaintiffs' Fed. R. Civ. P. 26(a)(2) disclosures and reports for expert witnesses reasonably expected to offer testimony or opinions on common MDL issues were due April 15, 2008. Case Management Order (Doc. 368).

2. Defendants' Fed. R. Civ. P. 26(a)(2) disclosures and reports for expert witnesses reasonably expected to offer testimony or opinions on common MDL issues were due July 31, 2008. Amended Case Management Order (Doc. 463).

3. Any parties' disclosures of any rebuttal experts on common MDL issues were due on September 14, 2007. Discovery Order (Doc. 208).

4. Discovery regarding common MDL issue experts closed November 21, 2008. Third Amended Case Management Order (Doc. 590).

**V. Amendments and Potentially Dispositive Motions**

**A. Framework for amendments and dispositive motions**

1. The following deadlines were established in the MDL and have passed:

a. Motions for leave to join additional parties or otherwise to amend the pleadings were due October 1, 2006. Scheduling Order (Doc. 15); Order (Doc. 42).

10

b. Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted were due November 1, 2006. Scheduling Order (Doc. 15); Order (Doc. 42).

c. Brown County's amended statement of the factual contentions in the Pretrial Order to cure the deficiencies in its fraud claim was due September 15, 2009. Memorandum and Order (Doc. 896).

2. The MDL Court has entered the following order regarding dispositive and *Daubert* motions (Pretrial Order on MDL Issues (Doc. 768) at 111, ¶ 19.b.):

a. Summary judgment motions, as well as motions to exclude testimony of expert witnesses, evidentiary and other individual motions may also be filed in the individual cases in the transferor courts following remand.

**B. MDL orders specific to *Fry***

1. Agreed order of dismissal with prejudice of claims of the Galaway plaintiffs, 12/1/06 (Doc. 118)

2. Order overruling plaintiffs' and intervenors' motion to remand and motion to withdraw motion for remand, 1/12/07 (Doc. 142)

3. Minute entry approving settlement of Silvey plaintiffs' claims against Brown County, 10/30/07 (Doc. 317)

4. Order sustaining Cessna's motion for partial summary judgment against Brown County on Brown County's negligence claim and overruling remainder of motion, 5/5/09 (Doc. 862)

5. Order sustaining Cessna's motion to dismiss Brown County's fraud claim, 9/1/09 (Doc. 896)

    **C.    MDL orders common to all cases**

        1.    Order overruling plaintiffs' motion for summary judgment on issue of airworthiness, 11/16/09 (Doc. 935)

**VI.    Other Items**

    **A.    MDL orders on motions in limine**

        1.    Order sustaining Cessna's motion in limine to exclude NTSB documents, 4/27/09 (Doc. 856)

        2.    Order sustaining, in part, Cessna's motion in limine to exclude certain FAA documents, 9/1/09 (Doc. 897)

    **B.    Other MDL orders common to all cases**

        1.    Protective order, 5/1/06 (Doc. 19)

        2.    Case management order, 2/19/08 (Doc. 368)

        3.    Amended case management order, 6/17/08 (Doc. 463)

        4.    Second amended case management order, 9/10/08 (Doc. 574)

        5.    Third amended case management order, 10/2/08 (Doc. 590)

        6.    Order regarding lists of elements in pretrial order, 1/23/09 (Doc. 693)

        7.    Order denying plaintiffs' motion for separate trial on airworthiness, 2/19/09 (Doc. 754)

        8.    Pretrial order on MDL issues, 2/25/09 (Doc. 768)

    **C.    Witness and exhibit lists**

Final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) have not yet been filed. See Pretrial Order on MDL Issues (Doc. 768) at 106, ¶ 14(a). The following preliminary disclosures have been filed:

        1.    Preliminary Witness and Exhibit List by FlightSafety, 11/1/06 (Doc. 96)

12
DB03/761456.0066/9391205.1 PF06

2. Preliminary Witness and Exhibit List by Goodrich, 11/1/06 (Doc. 97)

3. Preliminary Exhibit List by Brown County, 11/1/06 (Doc. 98)

4. Preliminary Witness List by Brown County, 11/1/06 (Doc. 99)

Preliminary Exhibit Disclosure by Cessna, 11/1/06 (Doc. 102)

5. Preliminary Witness Disclosure by Cessna, 11/1/06 (Doc. 107)

6. Preliminary Exhibit Disclosure by Cessna, 11/1/06 (Doc. 106)

7. Preliminary Exhibit List by the Silvey plaintiffs, 11/1/06 (Doc. 108)

8. Preliminary Witness List by the Silvey plaintiffs, 11/1/06 (Doc. 109)

9. Exhibit A to Motion for Leave to File Out of Order Supplemental Preliminary Exhibit List, 2/2/07 (Doc. 157); order granting Cessna's motion, 2/20/07 (Doc. 165)

10. Attachment 1 to the Silvey Plaintiffs' Motion for Leave to File Supplemental Preliminary Exhibit and Witness Lists, 2/2/07 (Doc. 159); order granting the Silvey plaintiffs' motion, 2/20/07 (Doc. 166)

| March 11, 2010 | s/ Kathryn H. Vratil |
|---|---|
| Date | Kathryn H. Vratil |
| | United States District Judge |

13

Submitted and approved by:

BODOIN & AGNEW


By:   /s Robert R. Bodoin
      Robert R. Bodoin
      801 Cherry St. - Ste. 3450
      Ft. Worth, TX 76102
      (817) 377-1654
      bob@bodoinlaw.com

COUNSEL FOR THE SILVEY PLAINTIFFS



STINSON MORRISON HECKER LLP


By:     s/ Heather S. Woodson
      John C. Nettels, Jr., KS Bar # 12383
      Heather S. Woodson, KS Bar # 13513
      10975 Benson, Suite 550
      Overland Park, Kansas 66210
      (913) 451-8600
      jnettels@stinson.com
      hwoodson@stinson.com

LIAISON COUNSEL FOR DEFENDANT
CESSNA AIRCRAFT COMPANY


HAWLEY, TROXELL, ENNIS & HAWLEY, LLP


By:     s/ Craig L. Meadows
      Craig L. Meadows
      P. O. Box 1617
      Boise, ID 83701
      (208) 344-6000
      cmeadows@hawleytroxell.com

and

MENDES & MOUNT, LLP

By:    s/ Paul Moran
       Paul Moran
       750 Seventh Avenue
       New York, New York 10019
       (212) 261-8295
       Paul.Moran@mendes.com

LIAISON COUNSEL FOR DEFENDANT
GOODRICH CORPORATION


ANDERSON SMYER RIDDLE & KUEHLER, LLP

By:    s/ Murray W. Camp
       Geffrey W. Anderson
       Murray W. Camp
       1604 8th Avenue
       Fort Worth, TX 76104
       (817) 334-0059
       ganderson@asrtexas.com

COUNSEL FOR CROSS-PLAINTIFF
BROWN COUNTY FINANCIAL SERVICES, LLC